## REMSBURG *v.* BAKER ET AL.

[No. 112, October Term, 1956.]

466

*Decided March 7, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*J. Howard Holzer,* with whom was *Paul J. Yeager* on the brief, for the appellant.

*Norman Hochberg* for the appellees.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from the denial of appellant's, defendant's, motion to strike out a judgment obtained against him by the appellees, plaintiffs.

On November 8, 1955, a confessed judgment note in the amount of $7,500.00 was executed to Myril S. and Helen S. Baker, appellees, due 120 days after date. This note contained the following signatures:

"(Corporate Seal)

Witness ............ hand and seal,   UNIVERSAL MOTORISTS ASS'N., INC. (Seal)
By: B. Y. REMSBURG
   AND INDIVIDUALLY   DAVID N. OBENSTINE, JR., PRES. (Seal)"

When the note became due and was not paid, plaintiffs, without notice to Mr. Remsburg, defendant, entered judgment against Universal Motorists Association, Inc., (Universal), and against Mr. Remsburg, a resident of Frederick County. Upon being served with notice of suit, Mr. Remsburg filed a motion to strike out the judgment against him. The motion under oath stated that the defendant did not sign said note either as maker or co-maker but on the contrary signed as a witness to the signature of David N. Obenstine, Jr., President of Universal; that after defendant so witnessed the signature and without his knowledge and consent someone typed under his signature the words "AND INDIVIDU-ALLY" in an apparent attempt to cause him to be jointly and severally liable on said note; and that defendant never received nor was it contemplated that he would receive any of the money represented by the note. He asked that the judgment be stricken out; that he be permitted to file pleas; and that the case be set for trial before a jury. From a denial of that motion appellant appeals to this Court. Universal made no defense to the judgment nor was it represented by counsel in any of the proceedings.

The defendant claims that he was not indebted to the plaintiffs in any amount; that he signed his name directly beneath the printed word "Witness"; that he prefaced his signature with the word "By"; that he did not use the word "Seal" after his name; that the only purpose he had in signing his name was to indicate that he knew of the execution of the note by Universal and to witness the signature of its president; and that the words "AND INDIVIDUALLY" were not on the note when he signed it. He contends that by the material alteration of the note, by the addition of the words "AND INDIVIDUALLY" without his consent, he is not bound as a co-maker.

Part 3, II. Judgments by Confession, Rule 1 (b), of the General Rules of Practice and Procedure, in effect when the motion was heard, provides in part that a defendant, upon receipt of summons, may show cause within thirty days why the judgment should be vacated, opened or modified and that any application made "within thirty days from the service of

the summons shall be promptly heard by the court, and such action taken as the court may deem just." The General Rules of Practice and Procedure were adopted by this Court, effective September 1st, 1941, and a rule applicable to judgments by confession was then adopted. This rule contained the quoted part set out above. No change has been made in the quoted part of that rule since that time and is contained in Rule 645, of the Maryland Rules of Procedure, effective January 1, 1957.

In *Foland v. Hoffman,* 186 Md. 423, 431, 47 A. 2d 62, decided May 15, 1946, it was said by this Court as to judgments by confession: "This rule requiring a defendant to be summoned and show cause within thirty days from service upon him of a *nisi* order why the judgment should be vacated, opened, or modified, did not change the existing practice in such cases. It provided a means to inform the judgment debtor of the judgment, and afforded him an opportunity to move that it be vacated, opened, or modified. He should file a motion under oath, setting out fully all the facts and circumstances tending to show that the judgment should be stricken out, with a prayer that the judgment be reopened and that he be permitted to file pleas and try the case before a jury. Upon proper proof, the court will so order. For a full treatment of the proper practice see *Keiner v. Commerce Trust Co., supra,* 154 Md. at pages 370, 371, 141 A. 121."

Judge Offutt said for this Court in *Keiner v. Commerce Trust Co., supra,* 154 Md. 366, 370, 371, 141 A. 121: "A judgment by confession possesses all the incidents, is supported by the same presumptions, and is entitled to the same faith and credit, as any other judgment (*Freeman on Judgments,* par. 1337), and that is so whether the confession is by the defendant in person or by another with his consent. *Ibid.* But while that is true, the widespread and general practice of embodying, in promissory notes, warrants of attorney authorizing a confession of judgment for the amount thereof, together with counsel fees, lends itself too readily to fraud and abuse, and in this state at least such judgments 'are freely stricken out on motion to let in defenses.' *Phillips v. Taylor,* 148 Md. 162. And although such a motion 'must

be supported by satisfactory proof of conditions which make such action necessary to serve the ends of justice' (*Wisner v. Reeside,* 139 Md. 223), the court in dealing with it 'should be very careful to see that no improper advantage has been taken of the maker of such note in entering judgment' *International Harvester Co. v. Neuhauser,* 128 Md. 181. Necessarily, one making the motion assumes the burden of supporting the facts alleged in it, and as to all matters not going to the merits of the controversy, such as surprise or deceit in the entry of the judgment itself, he must prove such facts by a fair preponderance of the evidence. But as to defenses going to the merits of the claim upon which the judgment rests, a different rule prevails. In such cases, if the evidence adduced in support of the motion is sufficient to persuade the fair and reasoned judgment of an ordinary man that there are substantial and sufficient grounds for an actual controversy as to the merits of the case, the defendant should be deemed to have met the burden of showing that he has a meritorious defence. In other words, if the evidence is such that persons of ordinary judgment and prudence could honestly and fairly draw different inferences from it, one favoring the plaintiff and the other the defendant, the court should not itself decide that conflict, but should submit it to a jury. And while the rule thus stated is not universally approved, it seems to be supported by the weight of authority, is consistent with justice and equity, and is in harmony with the decisions of this court. 'Courts of law exercise an equitable jurisdiction over judgments entered by confession upon notes and warrants of attorney, and it is necessary to justice that they should liberally exercise that jurisdiction, and may therefore, on application of the defendant, vacate them and permit him to make a defense on the merits, provided the proper showing of a meritorious defense is made' *Freeman on Judgments,* par. 1340. 34 *C. J.* 415; *Wisner v. Reeside, supra; International Harvester Co. v. Neuhauser, supra; Phillips v. Taylor, supra.*" See also *Bolotin v. Selis,* 212 Md. 239, 129 A. 2d 130.

A full hearing was held on the motion to strike out the judgment here. We will not set forth the testimony in detail. However, Mr. Remsburg, the defendant, testified that he

signed the note only as a witness and not as a maker or endorser. His signature is preceded by the word "By". His testimony is corroborated to some extent by Mr. Obenstine, the president of Universal. On the other hand, Mr. Reamer, the attorney for Universal and for Mr. Obenstine, testified that he told Mr. Remsburg that the note had to be signed either by him or by Mr. Shriner, a director of Universal, individually and not as an officer of Universal, because the Bakers, the plaintiffs, wanted a responsible director on the note individually, and not as an officer of Universal, and that was the requirement for settling the matter. There is also considerable conflict in the testimony as to whether the words "AND INDIVIDUALLY" were on the note when the appellant placed his name thereon. From all this testimony we cannot say that persons of ordinary judgment and prudence could not honestly and fairly draw different inferences from it, one favoring the plaintiff and the other the defendant. Therefore, the trial judge should not have decided that conflict. The question should be submitted to the jury under the authorities hereinbefore cited. Upon remand it is within the power of the trial court to impose such terms or conditions upon its act in striking out the judgment as may be proper and necessary to protect the rights of the parties.

> *Order appealed from reversed, and cause remanded for further proceedings, in accordance with the views expressed in this opinion. Costs to await the final result.*