STANKOVICH ᴇᴛ ᴜx. *v.* LEHMAN ᴇᴛ ᴜx.

[No. 119, September Term, 1962.]

*Decided January 18, 1963.*

428

The cause was argued before Brune, C. J., and Hammond, Prescott, Marbury and Sybert, JJ.

*Wilson K. Barnes,* with whom were *Anderson, Barnes, Coe & King* on the brief, for the appellants.

*Risque W. Plummer,* with whom were *Paul R. Kach* and *Griffin & Plummer* on the brief, for the appellees.

Hammond, J., delivered the opinion of the Court.

The trial judge refused to strike out a judgment by confession entered against the appellants upon a warrant of attorney contained in a promissory note which they had signed as makers. They asserted below and assert here that the appellees, the endorsees of the note, who obtained the judgment were (because the note was not negotiable and the appellees were not holders in due course) no more than assignees, subject to all defenses they, the makers, could have asserted against the original payees and that the court below abused its discretion in not striking the judgment and permitting their claims of fraud in the obtention of the note and failure of consideration to be determined on the merits.

Andre Carrigan, a real estate developer, interested one of the appellants, Joseph Stankovich, a builder of houses, and six other builders in a cooperative effort at developing a tract of land Carrigan owned in Carroll County called Deer Park. The builders were each to buy a number of lots and, in part payment, sign notes which Carrigan was to hold until the houses were built and sold, when he would collect $2,000 per lot. Carrigan was to arrange construction financing and permanent financing for the buyers, handle sales and build all roads in the subdivision. To guarantee the construction of the roads, Carrigan agreed that he would "at time of settlement" place $30,000 in escrow. On December 28, 1960, Mr. and Mrs. Stankovich executed a written contract to buy ten lots from Carrigan for $20,000, of which $4,000 was paid by the promissory note involved here, signed by them, and the bal-

ance by a purchase money mortgage to be executed "at time of settlement" on or before ninety days later.

The note was payable to Carrigan and his wife, six months after date, with interest at 6%. It contained a warrant to confess judgment by empowering any attorney of any Court of Record to "confess judgment against us as of any term for the above sum with Costs of suit and Attorney's commission of 10% for collection."

In May 1961 Carrigan sold the note to the Lehmans, the appellees, whom Mrs. Carrigan had known for a long time and who had recently moved to Baltimore. Mr. Lehman was an industrial salesman. He looked at a Dun and Bradstreet report on Stankovich (which did not mention the note given Carrigan) and drove by the Stankovich home, observing a truck of Stankovich's construction firm standing in front. Carrigan told him of the plan to develop Deer Park with the aid of "marginal" builders and that he, Carrigan, needed money. He offered to sell the $4,000 note for $2,800 in cash, and Lehman bought it.

When the note was not paid at maturity (it had been unilaterally "extended" six months by the Carrigans and Lehmans), the judgment by confession was entered.

In denying the motion to vacate the judgment, Judge Byrnes found that the Lehmans were holders in due course and that the note was negotiable despite its provision authorizing confession of judgment without reference to maturity. He said, without stating particulars, that his view was that: "A reading of the entire instrument and consideration of the attendant circumstances compels the conclusion that the provision was operative only after maturity."

We have been unable to come to the same conclusion. The Negotiable Instrument Act, Code (1957), Art. 13, Secs. 22 (2) and (3) and 26 (2), provides that to be negotiable, an instrument "must contain an unconditional promise or order to pay a sum certain in money" and "must be payable on demand, or at a fixed or determinable future time," but that the negotiable character of an instrument otherwise negotiable is not changed by a provision which "authorizes a confession of

430

judgment if the instrument be not paid at maturity." Elementary rules of statutory construction would lead immediately to the deduction that if an instrument authorizes confession of judgment before maturity, it is not negotiable because the power of the holder to mature the note at any time violates the requirement that the time of payment must be certain, and the cases have so held. See *Crothers v. National Bank of Chesapeake City,* 158 Md. 587, 591 (where the note authorized judgment thereon "before, at or after maturity"), and *Johnson v. Phillips,* 143 Md. 16, 21-22 (where the warrant authorized confession of judgment on the note "at any time for the amount thereof"), and *Hart v. Hart,* 165 Md. 77, 82.

It would seem logical that if the statute, as it does, preserves negotiability only if the confession of judgment is at or after maturity, the warrant to confess must expressly, or by necessary implication, restrict its exercise to that time if the note is to be negotiable, and that if the warrant is silent as to the time when it can be exercised, the reasonable implication must be that it can be done at any time. Most of the cases involving this general area of the law have arisen in Pennsylvania, and the Courts of that State have held that notes containing stipulations for confession of judgment without specification or limitation as to time are, like those expressly authorizing judgment prior to maturity, non-negotiable. *Lester, to Use of Laurelton State Bank v. Kleckner,* 5 Pa. Dist. and County Rep. 342; *Cox v. Shenk,* 28 Pa. Dist. Rep. 160-161. In *Miners' State Bank v. Auksztokalnis,* 128 A. 726, 728, the Supreme Court of Pennsylvania dealt with a warrant to confess judgment which was silent as to the time of its exercise. The Court said, through Chief Judge Moschzisker: "The note itself contains a warrant of attorney to confess judgment at any time, and this, as admitted by both sides, makes it a non-negotiable instrument." In *Shinn v. Stemler* (Pa. Super.), 45 A. 2d 242, the warrant to confess judgment, like that before us, was "as of any term" without specification of, or limitation as to, time. The Court said: "The Court below was of the opinion that the note was non-negotiable, as it authorized a confession of judgment 'as of any term' without restriction

as to time. We think this conclusion is correct, as a note containing a warrant of attorney to confess judgment at any time is a non-negotiable instrument. *Miners' State Bank v. Auksztokalnis,* 283 Pa. 18, 24, 128 A. 726." See also 10 C. J. S. *Bills and Notes* Sec. 90, p. 539, and the annotation at 117 A. L. R. 673.

The appellants argue that the phrase "as of any term" alone and in itself shows the judgment could have been entered at any time prior to maturity of the note, relying on Pennsylvania cases so holding, such as *Yankolovitz v. Wernick,* 20 Pa. Dist. Ct. 223 and *Milton National Bank v. Beaver,* 25 Pa. Super. Ct. 494. The appellees, citing 2 Poe, *Practice* (Tiff. Ed.), Sec. 74, as to the Maryland practice, and 21 C. J. S. *Courts* Sec. 147, p. 227, as to the practice generally, say that the term in which a suit was docketed formerly was styled the "Original Term," the term to which it was brought, the "Appearance Term," and the term in which it was to be tried, the "Trial Term." They suggest that in a contested case the filing of the various pleadings and other procedural steps well may cause a judgment to be entered in a term other than the one during which the suit was filed and that, further, the word "term" connotes a single unit of time during which all acts done are regarded as contemporaneous. From all this they infer that when the note says judgment may be confessed "as of any term," it means only that the filing of suit, appearance, confession and entry of judgment, may all be done at one and the same term, and nothing more. The Supreme Court of Illinois held in *Whitney v. Graves,* 42 N. E. 162, that the power to confess judgment on a note "as of any term" limited the exercise of the power to times when the Court was in session and not in vacation. (The usual rule, at common law, would seem to have been that a judgment by confession, not being an adversary proceeding, could be entered in vacation as well as in term time, 1 *Black on Judgments* (2d Ed.), Sec. 52.)

Whether the appellants, the appellees or the Illinois Court are right in their interpretation of the phrase "as of any term" is not necessarily decisive here, we think. The makers of the

note did not limit the authority they gave to confess judgment against them to the maturity of the note, and it could have been done "for the above sum" in proper exercise of the power at any minute and as of any term after delivery of the note, whether that term occurred before or after maturity of the note.

Since judgment could have been confessed before maturity, the note was not negotiable; and since it was not negotiable, the appellees, the endorsees of the note, took it subject to any valid defenses to its payment available to the makers, the appellants, against the original payees, the Carrigans. *Steele v. Sellman,* 79 Md. 1, 6; *Bank of Bristol v. B. & O. Railroad Co.,* 99 Md. 661, 676.

We think that in light of the fact the note was open to defenses available to the makers against the holders, the trial court should have opened the judgment (perhaps in the exercise of discretion retaining the lien, Maryland Rule 645 b) and allowed a trial on the merits.

To be successful in moving to strike a judgment by confession, one must adduce evidence in support of his motion sufficient to persuade the fair and reasoned judgment of an ordinary man that there are substantial and sufficient grounds for an actual controversy as to the merits of the case. If he does so, he is deemed to have met the burden of showing he has a meritorious defense, without the necessity of showing he will eventually prevail. This is to say that if the evidence is such that persons of ordinary judgment and prudence could fairly draw different inferences from it, the controversy should not be decided as a matter of law but instead should be submitted to a trier of fact. If a meritorious defense is made out (by affidavits or testimony, *Johnson v. Phillips, supra*), the Court should liberally exercise its equitable jurisdiction over judgments entered by confession and, on application of a defendant who prima facie shows such defense, vacate the judgment to permit a trial on the merits. *Cropper v. Graves,* 216 Md. 229; *Remsburg v. Baker,* 212 Md. 465, 470; *Keiner v. Commerce Trust Co.,* 154 Md. 366, 370-371.

In the present case the appellants set out their claim of a

meritorious defense in a verified motion to strike, supported by exhibits and testimony. The claim is that the Carrigans represented that the note would be held by them and paid only from the proceeds of sale of lots with the sales and financing arranged by Mr. Carrigan and that the makers of the note relied on the representations. The further claim is that there was a failure of consideration before the Lehmans bought the note in that the Carrigans did not duly convey the lots bought by the Stankovichs to them or put the promised $30,000 for roads in escrow, as agreed. Without intimating to any extent a view as to the proper ultimate outcome, we think the appellants were entitled to have their defenses submitted to a jury as they sought to do.

*Order reversed and case remanded for further proceedings, the costs to abide the result.*