## SHREFFLER *v.* HAIGHT

[No. 189, September Term, 1971.]

*Decided February 10, 1972.*

---

The cause was argued before HAMMOND, C. J., and BARNES, SINGLEY, SMITH and DIGGES, JJ.

*Ferdinand J. Mack,* with whom were *Shadoan & Mack* on the brief, for appellant.

*Joseph A. Mattingly* for appellee.

BARNES, J., delivered the opinion of the Court.

The appellant, Eleanor M. Shreffler, contends in this appeal that the Circuit Court for Montgomery County (Pugh, C. J.) erred in refusing to strike out a judgment by confession entered against her in accordance with a power to confess judgment in a promissory note signed by her. The lower court, after a hearing and the taking of testimony in support of her motion to strike out the judgment, concluded that there was no evidence of fraud, duress, undue influence or coercion exercised upon her and that it could not be concluded that no consideration passed for her signature on the note.

The note upon which the judgment was confessed is dated December 16, 1968, for $1,437.10, with interest at 6% per annum and payable six months from its date to the appellee, Seth A. Haight, at 5480 Wisconsin Avenue, Chevy Chase, Maryland. The power to confess judgment is in the usual Maryland form, but contains no provision for counsel fees for collection. The note is signed by Robert E. Shreffler and by the appellant, Eleanor M. Shreffler.

Judgment by confession was entered in the Circuit Court for Montgomery County on July 2, 1969, for $1,437.10 with interest from July 2, 1969, and $22.00 costs.

The usual military affidavit and authority of counsel for the entry of judgment were filed, together with the note itself. There is no challenge to the regularity of the entry of judgment by confession.

A summons as required by Maryland Rule 645 b was duly issued and the defendant makers were duly summoned on July 9, 1969.

Mrs. Shreffler, on August 8, 1969, filed her motion to strike the judgment by confession and to file a defense on the merits, together with her Points and Authorities and an affidavit in support of her motion.

Robert E. Shreffler, the other maker of the note and the estranged husband of Mrs. Shreffler, on September 17, 1969, filed his motion to vacate the judgment and for a hearing. Judge Moorman, on October 28, 1969, filed an Opinion and an Order of Court denying Mr. Sheffler's motion. No appeal from this ruling was taken by Mr. Shreffler so that this matter is not before us.

In her affidavit in support of her motion to strike out the judgment, Mrs. Shreffler stated that on a Saturday—she could not remember the date—the payee, Mr. Haight, came to her home and asked her to sign the note in question, stating that her husband owed him $1,437.10 and that Haight "wanted to get [her] husband off a deed, so that he could sell his share and get out of the contract" inasmuch as the person from whom they had purchased the property "was going into Court and alleging fraud." According to Mrs. Shreffler, Haight stated that if she did not sign the note "he would have to take [her] husband into Court" and told her that if he sold his share of the property he would give her half or even all of what he made over his initial investment. Mrs. Shreffler further stated that Haight, knowing of her financial problems, "offered, and [she] accepted, a check for Fifty Dollars ($50.00) upon execution of the note [,] the subject matter of this action." Mrs. Shreffler also claimed that when she was served with process, she tried to call Mr. Haight but only got a recording that "they" were in

the process of moving. She further stated that she did not receive any money or thing of value upon execution of the note except the sum of $50.00.

At the hearing on Mrs. Shreffler's motion to strike out the judgment on June 11, 1971, counsel for her made an argument to the lower court and then called Mrs. Shreffler to testify as the only witness on her behalf. Mrs. Shreffler testified that Robert E. Shreffler was her former husband. She confirmed that it was her signature upon the note and stated that Mr. Haight had stated to her that if she would sign the note "it would clear Bob * * * of going into Court and making this payment" and that her husband "would not have to pay the note" if she signed it. Mr. Haight then offered her fifty dollars to sign it and told her that Mr. Shreffler "would not have to pay off the note if [she] signed that note." He stated that he wanted to sell his interest out of the property in Rockville and anything over his initial investment "[she] would have or maybe all of whatever he got." When asked what Mr. Haight offered her, Mrs. Shreffler replied, "nothing special," but that he gave her a check that night for $50.00 and that she never received anything but the $50.00 which she has never returned. She tried to get in touch with Mr. Haight but "he was in the process of moving and [she] never did find him."

On cross-examination, Mrs. Shreffler testified that the reason she was signing the note was, "Well, we had just separated and I guess I wanted him back and I thought it would get him out of a bind." She admitted that she knew the paper she signed was a note; that she knew that a note was "a form of showing indebtedness"; that she had signed notes with her husband before and understood that she and her husband "together would be responsible" but she did not think that she would be personally responsible. She later stated, however, that although she thought that she and her husband would be responsible "together" on the prior notes, that "if he couldn't do it, I guess I would have to." She later testified that when she signed the note she understood that neither she nor

her husband would be responsible on it. When then asked if it would not have made more sense, rather than to have signed the note, for her to have torn it up, Mrs. Shreffler replied:

> "It would have made sense then, I guess. Or, it would have made sense now, but then it didn't make sense because Mr. Haight talked to me and he told me and I believed him. I believed whatever he said to me, that Bob would not be responsible and I would not be responsible; all he wanted to do was get his investment out of it."

Counsel for Mrs. Shreffler at the conclusion of cross-examination indicated that, "That is our case, Your Honor."

The lower court then denied the motion to strike out the judgment and later filed its reasons for the ruling pursuant to Rule 564. After reviewing the prior proceedings, the lower court stated:

> "Judge Moorman in his opinion did not find that there was sufficient evidence to convince him that the judgment should be vacated against the defendant husband, Robert E. Shreffler. This Court also does not find from the evidence introduced on June 11, 1971, that there was any evidence of fraud, duress, undue influence or coercion exercised upon her nor that no consideration passed for the wife's signature."

A timely appeal was taken by Mrs. Shreffler to this Court from the lower court's order filed July 12, 1971, denying her motion to strike the judgment by confession and to permit her to file a defense on the merits.

We agree with the lower court that Mrs. Shreffler did not establish that she had a meritorious defense to the action on the note and that it was proper to deny her motion.

The applicable rule was stated by Judge Singley, for

444

the Court, in *Katski v. Boehm,* 249 Md. 568, 577, 241 A. 2d 129, 134 (1968), as follows:

"The rule has been recently restated by Judge (now Chief Judge) Hammond in the opinion of the Court in *Stankovich v. Lehman,* 230 Md. 426, 432, 187 A. 2d 309, 313 (1963):

'To be successful in moving to strike a judgment by confession, one must adduce evidence in support of his motion sufficient to persuade the fair and reasoned judgment of an ordinary man that there are substantial and sufficient grounds for an actual controversy as to the merits of the case. If he does so, he is deemed to have met the burden of showing he has a meritorious defense, without the necessity of showing he will eventually prevail. This is to say that if the evidence is such that persons of ordinary judgment and prudence could fairly draw different inferences from it, the controversy should not be decided as a matter of law but instead should be submitted to a trier of fact. If a meritorious defense is made out (by affidavits or testimony, *Johnson v. Phillips, supra,* 143 Md. 16, 122 A. 7), the Court should liberally exercise its equitable jurisdiction over judgments entered by confession and, on application of a defendant who prima facie shows such defense, vacate the judgment to permit a trial on the merits. *Cropper v. Graves,* 216 Md. 229, 139 A. 2d 721; *Remsburg v. Baker,* 212 Md. 465, 470, 129 A. 2d 687; *Keiner v. Commerce Trust Co.,* 154 Md. 366, 370-371, 141 A. 121.'"

See also *Williams v. Johnson,* 261 Md. 463, 466-67, 276 A. 2d 95, 97 (1971).

In our opinion, a consideration of the facts in Mrs.

Shreffler's affidavit and testimony and the reasonable inferences therefrom indicates that the "fair and reasoned judgment of an ordinary man" would not be persuaded that there were "sufficient grounds for an actual controversy as to the merits of the case."

Mrs. Shreffler freely admitted that she had signed notes in the past with her husband and finally admitted that she understood that if he did not pay such notes, she would have to pay them. Moreover, in regard to the note involved in the present case, she was paid $50.00 (which she still has) to sign the note. In neither her affidavit nor in her testimony in the lower court did she state that if she had finally got in touch with Mr. Haight she would or was then prepared to return the $50.00 consideration to him. The vague, indefinite and contradictory statements in regard to an alleged oral offer of Mr. Haight to give her part (or all) of what he received from some property in Rockville—not stated to have been a consideration for the execution of the note in addition to the $50.00 or even to have influenced her to sign the note—was insufficient for any ordinary man to be persuaded that there was any fraud in the inducement, irregularity, mistake or surprise involved which could be adequate grounds for an actual controversy on the merits. Hence, the lower court properly ruled in denying Mrs. Shreffler's motion to strike the judgment by confession and to permit her to file a defense in the case.

> *Order of July 12, 1971, affirmed, the appellant to pay the costs.*