# BILLINGSLEY et ux. *v.* LINCOLN NATIONAL BANK

[No. 228, September Term, 1973.]

*Decided May 29, 1974.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Nelson Deckelbaum,* with whom were *Deckelbaum & Wolpert* on the brief, for appellants.

*Richard B. Bland,* with whom were *Lancaster, Bland, Eisele & Herring* on the brief, for appellee.

LEVINE, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Montgomery County (Cahoon J.) denying appellants' motion to vacate a judgment by confession entered against them in the sum of $45,272.81 plus attorney fees in the amount of $6,795.92 and court costs. No evidence was presented at the hearing on the motion, the parties confining themselves to argument by counsel and the subsequent filing of memoranda.

The instrument out of which this dispute arises is a promissory note executed by "Hasco Corporation" at Philadelphia, Pennsylvania on June 12, 1970, which authorized the confession and entry of judgment against the maker in favor of appellee at any time after it became due. The note contained the usual panoply of waivers, frequently found in such instruments, which we need not recite here. Appellants signed the note as endorsers, and also expressly guaranteed payment and submitted to the authorization for confession of judgment. Following a default by the maker and an unsuccessful demand for payment upon appellants, appellee filed this suit.

The grounds relied upon by appellants for attacking the judgment below are contained in their motion to vacate. There, appellants took the position — with the concurrence of appellee — that the substantive law of Pennsylvania applied to this case. On that premise, appellants challenged the Pennsylvania procedure as an unconstitutional denial of procedural due process under the Fourteenth Amendment. The remaining points raised below were of a substantive nature, viz: That the note did not comply with Pennsylvania law in that the amount due was not clear from the face of the instrument, and the subject note was intended as collateral for the payment of another note; therefore, until it was ascertained whether collection of the latter was effected, appellants were not liable under their obligation.

In denying appellants' motion, the trial judge merely "concluded that there has not been established substantial and sufficient grounds for an actual controversy as to the merits of the case."

In something of a *volte-face*, rather than challenging the Pennsylvania law, appellants now question the constitutionality of Maryland Rule 645 which governs the procedure to be followed in this state where judgments by confession are entered.[1] They also maintain that the trial court should have conducted a hearing "to determine whether appellants knowingly and intelligently waived their rights to notice."[2]

(1)

In attacking the constitutionality of Rule 645, appellants contend that it violates the Due Process Clause of the Fourteenth Amendment because it permits attachment and execution of property before notice."[3] Actually, this marks

---

1. Manifestly, since the law of the forum, not *lex loci*, governs procedural matters, Grain Dealers v. Van Buskirk, 241 Md. 58, 65-66, 215 A. 2d 467 (1965); Doughty v. Prettyman, 219 Md. 83, 88, 148 A. 2d 438 (1959); Restatement, Conflict of Laws, §§ 585, 592 (1934), appellants are correct in now recognizing that it is the Maryland procedure — as embodied in Rule 645 — which must be subjected to scrutiny.

2. Appellants' contention below that they presented "substantial and sufficient grounds for an actual controversy as to the merits of the case" by proffering that the subject note was intended as collateral *for the payment* of another note, and was therefore not a binding obligation until collection of the latter was attempted, was abandoned at oral argument. The following language in the subject note suggests that this contention could not have been productive:

> "In the event of any default in the payment of any interest or principal under the aforesaid note . . . , the entire unpaid balance of the principal of the said note and interest thereon . . . shall become immediately due and payable . . . without requiring any recourse against any other person or property liable for or securing the said note or *any other obligation or liability* . . . . Bank shall not be required to resort to any particular security or persons to enforce payment . . . ." (emphasis added).

The endorsement provides:

> ". . . [T]he undersigned . . . agrees to be bound as an endorser of the within note and to assume all the liabilities and obligations of such engagement as endorser. In addition thereto, the undersigned hereby absolutely and unconditionally guarantees as surety the full and prompt payment of the within note in accordance with the terms and conditions set forth on the face hereof. . . ."

3. The relevant provisions of Rule 645 are:

> "a. Entry — Affidavit.
>
> Judgment by confession may be entered by the clerk upon the filing by the plaintiff of a declaration accompanied by the written

the second constitutional assault on Rule 645 to reach this Court in less than three years, the first having been mounted in *Meyer v. Gyro Transp. Systems*, 263 Md. 518, 533, 283 A. 2d 608 (1971). In that relatively brief interval, much has transpired in regard to the law applicable to cognovit provisions.

In *Meyer*, we held that the rule affords procedural due process, since notice and an opportunity to be heard are therein provided. We specifically noted that the rule complies with *Mullane v. Central Hanover Tr. Co.*, 339 U. S.

---

instrument authorizing the confession of judgment and entitling the plaintiff to a claim for liquidated damages and supported by an affidavit made by the plaintiff or someone on his behalf stating the amount due thereunder, and indicating the post office address (including street address if needed to effect mail delivery) of the defendant.

"b. Personal Summons.

Immediately upon entering a confessed judgment, the clerk shall issue a summons for the defendant notifying him of the entry of the judgment and requiring him to appear within thirty (30) days after service of the summons and show cause, if any, why the judgment should be vacated, opened or modified. . . .

"c. Application by Defendant.

Application to vacate, open or modify the judgment must be made by motion within 30 days after service of the summons. The motion shall be made on the ground that the defendant has a meritorious defense to the cause of action. It shall set forth fully the facts relied on for such defense. . . . If no application is made within the time allowed, the judgment shall stand to the same extent as a judgment absolute entered after trial.

"d. Disposition of Application.

The motion shall be heard promptly by the court. If the evidence presented at the hearing establishes that there are substantial and sufficient grounds for an actual controversy as to the merits of the case, the court shall order the judgment by confession vacated, opened or modified with leave to the defendant to file a pleading and the case shall stand for trial. If the evidence does not establish that there are substantial and sufficient grounds for actual controversy as to the merits of the case, the judgment shall stand to the same extent as a judgment absolute entered after trial.

\* \* \*

"j. Sales on Execution.

Unless otherwise ordered by the court, a sale on execution upon a judgment by confession shall not be made until after the judgment has become final under sections b, c and d of this Rule."

306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950) in which the Supreme Court had stated:

> " 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. (citations omitted).' " 263 Md. at 533-34.

It is readily apparent, however, that *Meyer* does not answer the questions presented by appellants. The argument here, as in so many recently decided cases arising in the consumer-credit field, is that a taking of property results when attachment and execution of property are permitted immediately upon the filing of the action; furthermore, even if there is no attachment or execution, the judgment immediately becomes a lien upon real estate which, however temporary, is itself a denial because it interferes with the use and enjoyment of the property. And, it is maintained, when this deprivation occurs before the debtor even has been served, let alone afforded an opportunity to be heard, the deprivation assumes unconstitutional dimensions.

Fortunately, we are not required to chart a new course in dealing with this important contention, since the Supreme Court has recently addressed itself to the very issues presented here. In *D. H. Overmyer v. Frick Co.*, 405 U. S. 174, 92 S. Ct. 775, 31 L. Ed. 2d 124 (1972), the Court was confronted with a constitutional challenge to a cognovit note provision in the context of the Ohio statute regulating confession of judgment. There, as in this case, the contention was made that such a provision, whereby the debtor in advance of default waives service of process and authorizes the entry of judgment, offends current notions of Fourteenth Amendment Due Process.

The Court, however, declined to hold that a cognovit clause is *per se* violative of the Constitution, but made it abundantly clear that such provisions could fail to meet constitutional standards if the facts of a given case

compelled that result. To that end, the Court undertook an examination of the facts presented there and concluded:

> ". . . The facts of this case, as we observed above, are important, and those facts amply demonstrate that a cognovit provision may well serve a proper and useful purpose in the commercial world and at the same time not be vulnerable to constitutional attack." 405 U. S. at 187-88.

In a companion case decided the same day, *Swarb v. Lennox*, 405 U. S. 191, 92 S. Ct. 767, 31 L. Ed. 2d 138 (1972), the Court also considered the cognovit clause within the framework of the Pennsylvania procedure, but despite basic differences between Pennsylvania and Ohio law — to which we shall allude below — declined to declare the Pennsylvania statute and rules facially unconstitutional.

Concurring in *Overmyer*, Justice Douglas took particular care to observe that the Ohio procedure presented only a "minimal obstacle" to a debtor seeking to vacate a confessed judgment on the basis of a valid defense to a suit on such a note. It is of no little significance that the Ohio procedure — which there withstood scrutiny — bears a striking resemblance to that prescribed by Rule 645. As Justice Douglas noted, "[In Ohio a] confessed judgment may be opened if the debtor poses a jury question, that is, if his evidence would have been sufficient to prevent a directed verdict against him." 405 U. S. at 189-90.

As we have indicated, the procedure found in Rule 645 is virtually a carbon copy of the Ohio statutory scheme. Section d of Rule 645 expressly provides that:

> ". . . If the evidence presented at the hearing establishes that there are substantial and sufficient grounds for an actual controversy as to the merits of the case, the court shall order the judgment by confession vacated, opened or modified with leave to the defendant to file a pleading and the case shall stand for trial. . . . "

Section d, which was added to Rule 645 on June 1, 1972, is nothing more than a restatement of our prior decisions in this area, *Shreffler v. Haight,* 264 Md. 439, 287 A. 2d 20 (1972); *Katski v. Boehm,* 249 Md. 568, 577, 241 A. 2d 129, 134 (1968); *Stankovich v. Lehman,* 230 Md. 426, 432, 187 A. 2d 309, 313 (1963). In *Shreffler,* decided shortly before the addition of section d, we quoted with approval from *Katski* and *Stankovich* in saying:

> " 'To be successful in moving to strike a judgment by confession, one must adduce evidence in support of his motion sufficient to persuade the *fair and reasoned judgment of an ordinary man* that there are substantial and sufficient grounds for an actual controversy as to the merits of the case. If he does so, he is deemed to have met the burden of showing he has a meritorious defense, without the necessity of showing he will eventually prevail. *This is to say that if the evidence is such that persons of ordinary judgment and prudence could fairly draw different inferences from it, the controversy should not be decided as a matter of law but instead should be submitted to a trier of fact.* If a meritorious defense is made out (by affidavits or testimony, *Johnson v. Phillips, supra,* 143 Md. 16, 122 A. 7) the Court should liberally exercise its equitable jurisdiction over judgments entered by confession and, on application of a defendant who prima facie shows such defense, vacate the judgment to permit a trial on the merits. *Cropper v. Graves,* 216 Md. 229, 139 A. 2d 721; *Remsburg v. Baker,* 212 Md. 465, 470, 129 A. 2d 687; *Keiner v. Commerce Trust Co.,* 154 Md. 366, 370-371, 141 A. 121.' " 264 Md. at 444 (emphasis added).

Thus, it readily may be seen that, in effect, under the Maryland procedure, as in Ohio, a "confessed judgment may be opened if the debtor poses a jury question, that is, if his evidence would have been sufficient to prevent a directed verdict against him." Hence, Maryland debtors, like their counterparts in Ohio, are given every opportunity after

judgment to present any defenses which they may have and, in doing so, are merely required to meet a standard that "is a minimal obstacle."

As Justice Douglas further noted, the procedure shared by Ohio and Maryland stands in marked contrast to the Pennsylvania system where, in order to vacate a confessed judgment, "a borrower must prove his defense by the preponderance of the evidence rather than by merely mustering enough evidence to present a jury question. Once the judgment is vacated, moreover, he must again prevail by that standard at a subsequent trial." 405 U. S. at 190. "In effect, the Pennsylvania confessed debtor is required to win two consecutive trials, not simply one." *Id.* If, notwithstanding the more stringent burden confronting the debtor in Pennsylvania, its procedures survived a claim of facial unconstitutionality, *Swarb v. Lennox, supra,* then surely the procedure set forth in Rule 645 is invulnerable to similar attack.

Heavy reliance is placed by appellants upon *Osmond v. Spence,* 327 F. Supp. 1349 (D. Del. 1971), where a three-judge court struck down the Delaware procedure which, like the Pennsylvania system, also favors the creditor considerably more than does Rule 645. For example, there a creditor may, immediately upon filing suit, execute upon and *sell* real or personal property of the debtor. On appeal to the Supreme Court, the judgment in *Osmond* was vacated and the case was remanded for reconsideration in light of *Overmyer* and *Swarb,* 405 U. S. 971, 92 S. Ct. 1189, 31 L. Ed. 2d 245 (1972). Subsequently, the federal court in Delaware restated its earlier holding that the Delaware statute, which had been subsequently amended, was unconstitutional "insofar as it permitted the entry of judgments on cognovit notes prior to a hearing on the issue of whether the debtor had effectively waived his due process rights by executing the note." 359 F. Supp. 124, 127 (1972). Therefore, appellants' reliance upon the first *Osmond* holding is clearly misplaced, since the judgment entered therein was vacated by the Supreme Court, and the second *Osmond* decision is circumscribed by *Overmyer* and *Swarb.* For the same reason, *Virgin Islands*

*National Bank v. Tropical Ventures, Inc.*, 358 F. Supp. 1203 (D. V.I. 1973), also relied upon by appellants, lends no support to their position.

Having concluded that Rule 645 is facially constitutional, we only need pause momentarily to consider whether it is violative of the Fourteenth Amendment as applied to the facts of this case. Appellants have based their constitutional challenge on "an all or nothing" argument, and have mounted no effort to establish that the Maryland procedure is unconstitutional as applied to them. That they received notice and an opportunity to defend is uncontroverted. Nor was it shown that they owned any real estate in Montgomery County upon which the judgment therefore constituted a lien, let alone that their use or enjoyment thereof was impaired. Similarly, no attachment or execution on the judgment, that might have resulted in a temporary deprivation of personal property, was alleged.

As we indicated earlier, in *Overmyer* the Supreme Court, after upholding the facial constitutionality of cognovit clauses, examined the facts of that case to determine whether they revealed an unconstitutional application of the Ohio procedure. It found that they did not, but observed:

> "Our holding, of course, is not controlling precedent for other facts of other cases. For example, where the contract is one of adhesion, where there is great disparity in bargaining power, and where the debtor receives nothing for the cognovit provision, other legal consequences may ensue." 405 U. S. at 188.

Unlike *Overmyer*, the record here does not contain evidence of the circumstances surrounding the execution of this note. Section c of Rule 645 provides that a motion to vacate a confessed judgment "shall set forth fully the facts relied on for such defense." No facts are set forth here to establish that this was a contract of adhesion. Indeed, the few facts disclosed by the record suggest the contrary. We refer to the original face amount of $46,000, which hardly comports with the usual adhesion case, and the fact that one

of the appellants signed the note as vice president of the corporate maker.

In this connection, it is interesting to note that the Retail Installment Sales Act sharply curtails the use of confessed judgment notes in the very circumstances where adhesion contracts are most likely to flourish. Maryland Code (1957, 1969 Repl. Vol.) Art. 83, § 130 provides that:

> "No seller, sales finance company, or holder shall at any time take or receive any instrument from a buyer, or from any surety or guarantor for the buyer, which contains:
>
> * * *
>
> (b) Any confession of judgment or any power or warrant of attorney to appear for the buyer or for any surety or guarantor for him to confess judgment;  .
>
> * * * * "

Under § 149 (b) of Art. 83, such provisions are deemed "absolutely void."

We hold, therefore, that Rule 645 is constitutional on its face, and as applied to the facts here.

### (2)

We pass next to the contention that we should reverse because the trial court did not conduct "a hearing to determine whether appellants knowingly and intelligently waived their rights to notice." In *Overmyer* and *Swarb,* the Supreme Court thoroughly considered the subject of waiver in this same frame of reference. It reaffirmed its prior holdings that due process rights to notice and hearing prior to a civil judgment are subject to waiver; and after assuming that the applicable standard, as in criminal proceedings, was whether there had been a voluntary, knowing and intelligent waiver, concluded that the standard had been met there. It was impelled to this result largely upon the same facts which established that it was not dealing with a contract of adhesion.

Here, as we have already noted, we have not been favored with the facts surrounding the execution of this note, despite the requirement that they be "set forth fully" in the motion to vacate. Having forgone that opportunity, appellants were afforded another at the oral hearing when they could have presented evidence to substantiate a possible claim — if any there be — that their waiver was not voluntarily, knowingly and intelligently made. Indeed, even at this late date, we are not told what it is that appellants proposed to establish had they been granted the opportunity to do so. In any event, *Overmyer* cannot be read to mandate a "waiver hearing" prior to entry of a confessed judgment and, insofar as one may be required thereafter, it was clearly available to appellants at the hearing on their motion to vacate. No more is required.

*Judgment affirmed; appellants to pay costs.*