# BOYCE *v.* PLITT

[No. 125, September Term, 1974.]

*Decided April 8, 1975.*

*Motion for rehearing filed April 29, 1975; denied May 5, 1975.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*William Graham Boyce, Jr.,* for appellant. *James Berkeley Murphy* for appellant on motion for reargument.

*Walter I. Seif, Jr.,* for appellee.

DIGGES, J., delivered the opinion of the Court.

Two bones of contention are presented in this appeal from the Superior Court of Baltimore City. Not only does William Graham Boyce, Jr., appellant, question Judge Joseph C. Howard's denial of his motion to vacate a judgment by confession entered against him, but he also takes dispute with the judgment n.o.v. entered by Judge David Ross which overturned a favorable jury verdict on the appellant's counterclaim for malicious use of process. Due to procedural error, which will be explained later, we conclude that the appellant cannot prevail on either score.

The fountainhead of this case is a judgment by confession, in the amount of $23,427.04 together with the costs of suit and a $3,500 attorney's fee, which Clarence M. Plitt, appellee, caused to be entered against the appellant on May 2, 1973, although Boyce did not become aware of it until six days later when process was served on him. Maryland Rule 645. The appellee, relying on this judgment, caused, as authorized by Rules 622 a and 623, Boyce's Maryland National Bank checking account to be attached on May 14.[1] Reacting to this whirlwind of legal activity which enveloped him and his property, the appellant moved to quash the attachment (Rule G51) and shortly thereafter, on June 6, filed not only a motion to set aside the confessed judgment (Rule 645 b and c) but also a counterclaim for malicious use of process and breach of contract. On June 21, Judge Joseph L. Carter granted Boyce's motion to quash the attachment after concluding that, at the time of the issuance of the execution, the judgment from which it sprang was not final because the thirty-day period within which the appellant

---

1. The garnishee bank filed a plea in which it confessed that it held $1,266.80 in W. G. Boyce, Jr.'s checking account.

could seek to have the judgment "vacated, opened or modified" under Rule 645 b and c had not yet expired. This was followed by Judge Howard's denial, on September 24, of appellant's motion to vacate the judgment by confession. The case was then allowed, though we think erroneously, to proceed to trial on the counterclaim, where Judge Ross granted appellee's motion for a directed verdict on the breach of contract count and then, after a jury verdict in Boyce's favor for damages ($10,000 compensatory and $5,000 punitive), he granted Plitt's motion for a judgment n.o.v. on the malicious use of process count. The appellant then appealed to this Court on May 17, 1974.

Focusing first on the judgment by confession entered on May 2, we observe that, even though this judgment was subject to being "vacated, opened or modified" in accordance with and in the time specified by Rule 645, from its entry it was in essence a final judgment, entitled to all the incidents of a sister judgment entered in a contested case. *Williams v. Johnson,* 261 Md. 463, 469, 276 A. 2d 95 (1971); *Gay Investment Co. v. Angster,* 231 Md. 318, 321-23, 190 A. 2d 95 (1963); *S. W. Barrick v. J. P. Councill,* 224 Md. 138, 140, 166 A. 2d 916 (1961); *Remsburg v. Baker,* 212 Md. 465, 468-69, 129 A. 2d 687 (1957). The record in this case discloses that although the required summons was delivered to the appellant on May 8 and thus Boyce's June 6 motion to vacate the judgment was filed within the Rule 645 b and c thirty-day period, Judge Howard found no compelling substantive or procedural reason to open the judgment and accordingly denied the appellant's motion on September 24. Whether Judge Howard erred in doing so, under the test set out in *Stankovich v. Lehman,* 230 Md. 426, 432, 187 A. 2d 309, 313 (1963), and similar cases,[2] is not before us because

---

2. In Stankovich v. Lehman, 230 Md. 426, 432, 187 A. 2d 309, 313 (1963) it is stated that:

"To be successful in moving to strike a judgment by confession, one must adduce evidence in support of his motion sufficient to persuade the fair and reasoned judgment of an ordinary man that there are substantial and sufficient grounds for an actual controversy as to the merits of the case. If he does so, he is deemed to have met the burden of showing he has a meritorious defense, without the necessity of showing he will eventually prevail. This is

that ruling, which ' was tantamount to making the judgment absolute," was a final order within the meaning of Maryland Code (1974), § 12-301 of the Courts and Judicial Proceedings Article (*Williams v. Johnson, supra* at 469, and cases cited therein), from which a timely appeal was not taken. Being a final judgment, appellant had, under Rule 812 a, thirty days from the date of its entry (September 24, 1973) within which to appeal and since that period was long past at the point when Boyce noted his appeal (May 17, 1974), it must be dismissed as untimely.

Turning to the counterclaim, we find that it was, from the start, procedurally improper. We say this because, while motions to vacate, open or modify a confessed judgment and responses thereto can appropriately be filed during the Rule 645 b and c thirty-day period, it is not until after the judgment has in fact been vacated or opened that any other pleading, such as a counterclaim, can properly be docketed in the confessed judgment case. This point was definitively spelled out by our predecessors in *Foland v. Hoffman,* 186 Md. 423, 432, 47 A. 2d 62 (1946), where it is said: "No pleas should have been filed until the court reopened the judgment and permitted the defendants [(Boyce here)] to file pleas. There should not have been the extensive pleadings contained in this record." Nor, in this case, should there have been a trial on the counterclaim. *See Williams v. Johnson, supra* at 466. Consequently, Boyce's counterclaim was prematurely filed, making both that pleading and the trial conducted on it null and void.

Even if there had been no procedural error underlying the appellant's two-count counterclaim, alleging breach of contract and malicious use of process, we would have concluded that, at most, Boyce could have recovered nominal damages. As to the breach of contract count, we find, as-

---

to say that if the evidence is such that persons of ordinary judgment and prudence could fairly draw different inferences from it, the controversy should not be decided as a matter of law but instead should be submitted to a trier of fact."

*See* Shreffler v. Haight, 264 Md. 439, 444, 287 A. 2d 20 (1972); Katski v. Boehm, 249 Md. 568, 577, 241 A. 2d 129, 134 (1968). *See also* Gelzer v. Scamoni, 238 Md. 73, 207 A. 2d 655 (1965) (claimed set-off deemed to be a meritorious defense authorizing the opening of a confessed judgment).

suming Boyce proved a contract and its breach, that since the record is devoid of any proof of actual damages, he would have only been entitled to a nominal recovery. *Asibem Assoc., Ltd. v. Rill*, 264 Md. 272, 276, 286 A. 2d 160 (1972). As to the malicious use of process count, Boyce had to prove, among other things, that when Plitt initiated the issuance of the attachment he did so without probable cause. This key element of the tort is deemed to be present upon proof that there was no "reasonable ground for belief in the existence of such state of facts as would warrant institution of the suit or proceeding . . . ." *Walker v. American Security Co.*, 237 Md. 80, 89, 205 A. 2d 302 (1964); *see Wesko v. G.E.M., Inc.*, 272 Md. 192, 197, 321 A. 2d 529 (1974); *Delisi v. Garnett*, 257 Md. 4, 7-8, 261 A. 2d 784 (1970); *North Pt. Constr. Co. v. Sagner*, 185 Md. 200, 208-09, 44 A. 2d 441 (1945); *Owens v. Graetzel*, 149 Md. 689, 696, 132 A. 265 (1926). Since Rules 622 a and 623 allow execution by way of attachment after a final judgment and since the judgment by confession entered against Boyce fits that description (as already explained), the appellee had probable cause as a matter of law to initiate the issuance of the attachment; thus a recovery on the tort aspect of Boyce's counterclaim would have been barred. *Cf. James v. Goldberg*, 256 Md. 520, 530-31, 261 A. 2d 753 (1970).

> *Appeal dismissed.*
> *Costs to be paid by appellant.*