968 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SIGNET BANK/MARYLAND, Plaintiff-Appellee,
v.
Robert WELLINGTON, Defendant-Appellant.
 No. 92-1002.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 8, 1992
Decided: July 9, 1992
 
 Argued: Nathan Braverman, Shapiro & Olander, Baltimore, Maryland, for Appellant.
 David Paul King, Hogan & Hartson, Baltimore, Maryland, for Appellee.
 ON BRIEF: Joel I. Sher, Shapiro & Olander, Baltimore, Maryland, for Appellant.
 Michael D. Colglazier, Pamela M. Williams, Philip H. Wright, Hogan & Hartson, Baltimore, Maryland, for Appellee.
 Before RUSSELL and LUTTIG, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This appeal arises from a final order entered by the district court partly granting and partly denying appellant Robert Wellington's ("Wellington") motion to vacate the district court's entry of judgment by confession against Wellington. Jurisdiction below was based upon diversity of citizenship.
 
 
 2
 Robert Wellington was the President of Levenson & Klein, Inc. ("L & K"), a furniture retailer. In 1986, Signet made available to L & K a revolving line of credit in the amount of $14 million. The line of credit was secured primarily by inventory, receivables, and equipment. In 1989, the line of credit was increased to $20 million, and Signet also made a separate term loan in the amount of $1.5 million. To induce Signet to make these loans, Wellington signed respectively on December 1, 1989, a guaranty in the amount of $2 million tied to the line of credit, and on April 5, 1989, a guaranty covering the full amount of the $1.5 million term loan. Subsequent to the execution of the guaranties, L & K defaulted, acknowledged its default in a letter agreement, and sought protection under Chapter 11 of the Bankruptcy Code.
 
 
 3
 Signet filed on May 13, 1991, a complaint for confession of judgment against Wellington. Five days later judgment was entered by the district court in the amount of $3.36 million. Upon Wellington's motion to vacate, the district court on November 15, 1991, found that the term loan had been paid off and vacated the portion of the judgment based upon that loan. The court let stand a judgment for $2 million based upon the credit line guaranty. This appeal arises from the district court's decision not to vacate the $2 million judgment.
 
 
 4
 The issue raised on appeal is whether Wellington presented enough evidence to support his motion to vacate the judgment. A review of the trial judge's remarks from the bench discloses that he based his decision upon the legal standard set forth in Stankovich v. Lehman, 187 A.2d 309 (Md. 1963), governing motions for vacation of confessed judgments. Under that standard, the movant must present evidence "sufficient to persuade the fair and reasoned judgment of an ordinary man that there are substantial and sufficient grounds for an actual controversy as to the merits of the case." Id. at 313. This evidentiary standard has been restated with some frequency by the Maryland Court of Appeals and other law making bodies, and is not in dispute. See e.g. Billingsley v. Lincoln National Bank, 320 A.2d 34, 37 (Md. 1974); Atlantic Leasing & Financial, Inc. v. IPM Technology, Inc., 885 F.2d 188, 194 (4th Cir.), reh'g denied (Oct. 23, 1989) (No. 88-1793); see also Md. R. Civ. P. 2-611; United States Dist. Ct. for Md., Local R. 108(e). The question before this court is whether Wellington satisfied the standard, raising a genuine issue of material fact sufficient to constitute a meritorious defense to the confessed judgment.
 
 
 5
 Wellington argues that the rule requires only a minimal showing of evidence, and that it is a liberal rule. Signet responds that a threshold showing must nevertheless be made for the judgment to be opened again. We agree with both propositions, but in this case, Signet's view controls. Our review of the record satisfies us that Wellington failed in the district court to generate a factual controversy sufficient to overcome even the modest barrier Maryland has erected to reopening a judgment by confession.
 
 
 6
 Wellington's primary argument to this court and the district court is that he was entitled to, but never received an accounting of all money collected by Signet's agent from L & K's accounts receivable, which were estimated to be worth $10 million. He also complains that Signet has never provided him with documentation as to the amounts charged against the line of credit for certain time periods. For example, he alleges that $940,000 of charges against the line of credit cannot be explained from the face of the January-April, 1991 loan advance logs Signet provided him. Thus, Wellington argues, Signet has breached its obligation to deal in good faith with him by not fully disclosing information pertinent to a determination of how much money remains owing against the line of credit.
 
 
 7
 Wellington fails for two reasons to establish that he generated a factual controversy below. First, the full amount owing under the line of credit was $7.5 million. In order to reduce the amount of the $2 million judgment on the guaranty, Wellington needed to make a prima facie case that more than $5.5 million of the debt on the credit line had been paid off. But as the trial court ruled, he produced no evidence of a set-off of that magnitude. Second, the set-offs for which Wellington argued were not supported by any evidence beyond Wellington's own affidavit, which did little more than plead ignorance.
 
 
 8
 In light of the fact that Wellington never attempted to gather information by formal discovery, we are unimpressed by his claims that Signet has not acted in good faith towards him. See Goldstein v. Peninsula Bank, 396 A.2d 542, 546 (Md. App. 1979) (discovery is available during the pendency of a motion to vacate, modify or set aside a confessed judgment). Moreover, Wellington was involved in the L & K bankruptcy proceeding not only in his capacity as an officer of L & K, but also as a general unsecured creditor of L & K. This suggests that he had an alternative means to gain access to the information that would be required to support his motion before the district court.
 
 
 9
 For these reasons, we find no error on the part of the district court in making its determination as to the sufficiency of Wellington's evidence. Accordingly, we affirm.
 
 AFFIRMED