JOHN G. WISNER et al.

vs.

O. H. REESIDE.

*Striking Out Judgment—Lapse of Term.*

A motion to strike out a judgment after the lapse of the term at which it was entered must be supported by satisfactory proof of conditions which make such action necessary to serve the ends of justice.                                                        p. 223

It was proper to strike out, even after the term, a judgment by confession which was entered, under a power of attorney contained in a promissory note, after the definite assertion of a meritorious defense to the note, and pending a controversy between the parties which had a substantial basis, the motion to strike out the judgment having been filed with reasonable promptness after the discovery of the judgment.                    p. 223

*Decided June 28th, 1921.*

Appeal from the Baltimore City Court (AMBLER, J.).

Action by John G. Wisner and James W. Wisner, trading as the Wisner Auto Company, against O. H. Reeside. From an order striking out a judgment by confession for plaintiffs, entered under a power of attorney, plaintiffs appeal. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and ADKINS, JJ.

*T. Tilden Kelbaugh,* for the appellants.

*William G. Towers,* for the appellee.

URNER, J., delivered the opinion of the Court.

On June 28th, 1920, the appellee ordered from the appellants a Rainer motor truck for the price of $1,450, of which the sum of $50 was paid on the day of the purchase, $200 was to be paid at the time of the delivery of the truck three days later, $800 on July 15th following, and for the $400 balance the appellants were to accept a Ford motor truck from the appellee at that valuation. The Rainer truck was delivered to the appellee on July 1st, and the Ford truck and the $200 payment were then received by the appellants in partial settlement. For the residue of the purchase price the appellee signed a promissory note for $800, payable on July 15th, and containing a power of attorney for the confession of a judgment for the amount of the principal and interest and ten per cent. additional as attorney's fees. Two days after the Rainer truck was delivered to the appellee, it was taken by the appellants to their garage for repairs on account of serious difficulty in its operation, resulting from cracks which had been discovered in the motor. The Ford truck was returned to the appellee for his use while the other truck was being repaired. Within the following week the Rainer truck was ready for delivery to him again, but he refused to receive it, as he claimed that it was not a new truck, which it was represented to be at the time of the purchase, but was an old or used truck, with a gasoline tank of smaller capacity than that contracted for, and with a broken motor, which had not been fully repaired when the truck was offered to be returned to his possession. This contention was met by the appellants' assertion that the truck as delivered in the first instance was in good condition and conformed to the specifications and warranty contained in the agreement of purchase, that the cracks in the motor must have been caused by the negligence of the appellee, or his agents, in pouring cold water into the radiator while the engine was heated, and that the appellants repaired the cracks thus produced.

The parties were in this state of disagreement when the note for $800 matured, and the appellants, six days later, caused a judgment by confession to be entered, under the power conferred by the note, for the principal, interest and ten per cent. attorney's fees, aggregating $882.67.   On the same day they obtained possession of the Ford truck by a writ of replevin.   It was not until early in the following October that the appellee learned of the judgment against him, and on the eleventh of that month he moved to have it stricken out to the end that he might have an opportunity to interpose his defense.   After a full hearing, at which evidence was offered in support of each of the opposing contentions, the court below passed an order striking out the judgment and requiring the appellee to plead to the declaration within ten days and to file a bond, with approved security, for the sum of $1,000, conditioned for the payment of any judgment which might be rendered against him in the suit. The appeal is from that order.

A motion like the present, to strike out a judgment after the lapse of the term at which it was entered, must be supported by satisfactory proof of conditions which make such action necessary to serve the ends of justice.   The record before us complies with that requirement.   The conditions presented fully justify the order which we are asked to review.   There was a substantial basis for the controversy in which the parties were engaged when the authority for entering a confessed judgment was exercised, and the defense thus precluded was not only meritorious but had been definitely asserted.

The entry of the judgment foreclosed the judicial inquiry and decision to which both of the parties were entitled, and which neither of them could properly deny to the other under the circumstances.   There was no lack of diligence in the effort to have the case opened, as the motion for that purpose was filed with reasonable promptness after the existence of the judgment had been discovered.   In the case of *Interna-*

*tional Harvester Co.* v. *Neuhauser*, 128 Md. 173, under conditions somewhat like those appearing in this case, an order striking out a judgment by confession was affirmed, CHIEF JUDGE BOYD stating in the opinion that, while it was not for us to determine whether the defendant would be able to sustain his case on the merits, he should be given an opportunity to have his defense properly presented. The same conclusion is required by the testimony in this record.

*Order affirmed with costs.*