## FINANCE COMPANY OF AMERICA *v.* JACOB T. MYERLY.

[No. 17, April Court, 1931.]

*Decided June 10th, 1931.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and SLOAN, JJ.

*Paul R. Kach,* with whom was *Guy W. Steele* on the brief, for the appellant.

*Theodore F. Brown* and *A. Earl Shipley,* for the appellee.

24

URNER, J., delivered the opinion of the Court.

By the order which is under review on this appeal, the Circuit Court for Carroll County struck out a judgment by confession, while preserving its lien, in order to afford an opportunity for defense against the claim on which the judgment was entered. It is evident from the record that there was a meritorious defense, but the question is whether the motion to strike out the judgment was so long delayed as to disentitle the defendant to have the case opened for trial on the merits.

The judgment was entered under the terms of a promissory note for $1,597.33, given in connection with a contract for the sale of two repossessed motor trucks by the plaintiff finance company to the defendant. The total purchase price of the trucks was $1,797.33, on account of which a check for $200 was delivered by the vendee to the vendor at the time of the purchase. It was provided in the contract and note that the balance of the price, $1,597.33, should be payable in twelve monthly installments of $133.12 each, the first to become due one month after the date of the two instruments, which was May 10th, 1926. There was a provision in the note authorizing any attorney to appear for the maker in any court of record, after maturity of the whole or any part of the note, and to confess judgment against him in favor of the payee or holder, for such amount as should appear to be unpaid thereon, and ten per cent. of the amount as attorney's fees for collection.

The trucks were bought by the defendant, according to the evidence in the record, for immediate use on a milk transportation route which he had just acquired. But when, on the day after his purchase of the trucks, he called for them at the garage where they were to be transferred to his possession, he was not allowed to remove them, as he testified, because of the reported desire of the finance company to make further inquiry as to his financial responsibility. He thereupon procured a truck elsewhere, and stopped payment on the check for $200 which he had given to the plaintiff. Delivery of the trucks agreed to be bought from the plaintiff was

proffered to the defendant a few days afterwards, but he declined to take them on the ground that he had been compelled to make other provision for the urgent business purpose which they had been intended to serve. Four months later judgment by confession was entered for the full amount of the note. At that time the trucks for which the note had been given were still in the plaintiff's possession. Several months later they were sold by the plaintiff to an automobile company for $200. The testimony shows that the defendant was promptly informed by the plaintiff's attorney of the fact that the confessed judgment had been entered, but his response to the notice was a denial of the asserted liability and an indication of a purpose to resist its enforcement. It is apparent from his testimony that he expected to have the right and opportunity to dispute the judgment if its collection should be attempted. Nearly two years after it was entered, an execution was issued on it, and the sheriff went to the defendant's home in the country to make a levy. The sheriff testified that the defendant said on that occasion: "I haven't anything around here. Furthermore I don't owe them anything. I would like to see you make it." The next effort to enforce the judgment by execution was on October 18th, 1930, and this was followed, during the same month, by the defendant's motion to strike out the judgment.

There could be no difficulty whatever in recognizing a right on the part of the defendant to have the *ex parte* judgment against him opened for the purposes of a trial as to the validity of the plaintiff's claim, if the motion to that end had been filed soon after the judgment was entered. Apart from the effect of the delay in making the motion, a strong case is presented for the exercise of the court's equitable authority to grant such an application. The defendant has received no consideration for the note on which the judgment was based. At the time of its procurement, the plaintiff knew that the note providing for that means of security was wholly disputed. While the testimony is in conflict as to the defendant's inability to obtain delivery of the trucks on the day following his execution of the contract and note and his partial

payment of the purchase price, the defendant's statement on that subject has sufficient support to present a material and substantial issue of fact. The judgment was entered for the full amount of the note, although the plaintiff had the right under the contract of sale to resell the trucks, in which event the defendant was to be liable only to the extent of any deficiency. It was testified on behalf of the plaintiff that it endeavored to effect a resale after the contract was rescinded by the defendant, on May 11th, 1926, but was unable to find a purchaser until the following December. The price then realized from the trucks, which had been sold to the plaintiff for $1,797.33, was only equal to the amount of the check for $200, which he had given on account of the purchase.

In *Phillips v. Taylor,* 148 Md. 157, 163, 129 A. 18, 20, it was said by Chief Judge Bond: "In this state, at least, judgments entered by confession are freely stricken out on motion at law to let in defenses." In defining the measure of proof required to justify such action, the opinion of this court delivered by Judge Offutt, in *Keiner v. Commerce Trust Co.,* 154 Md. 366, 371, 141 A. 121, 123, said: "In such cases, if the evidence adduced in support of the motion is sufficient to persuade the fair and reasoned judgment of an ordinary man that there are substantial and sufficient grounds for an actual controversy as to the merits of the case, the defendant should be deemed to have met the burden of showing that he has a meritorious defense." The opinion in *Wisner v. Reeside,* 139 Md. 221, 223, 114 A. 911, 912, stated that there "was a substantial basis for the controversy in which the parties were engaged when the authority for entering a confessed judgment was exercised, and the defense thus precluded was not only meritorious, but had been definitely asserted."

In *Automobile Brokerage Corp. v. Myer,* 154 Md. 1, 5, 139 A. 539, 540, it was said, in the opinion by Judge Pattison: "Where the power to confess judgment is not to be exercised until some future time, if at all, the relation between the parties may be materially changed before such time

is reached. The debt in that time may have been partially, if not fully, paid, or conditions may have arisen because of a breach of warranty or agreement made by the parties at the time of the execution and delivery of the note, by which the liability of the maker and indorser or indorsers of the note would be affected (*International Harvester Co. v. Neuhauser*, 128 Md. 173, 97 A. 372; *Wisner v. Reeside*, 139 Md. 221, 114 A. 911); or before such time some transaction or agreement between the parties may have been had by which the makers and indorsers were excused or released from the payment of the note. Therefore, where a judgment is entered without notice to the defendant upon a power contained in the note authorizing the entry of a judgment at some future time upon a condition therein named, it is, we think, but right and proper, upon the motion of the defendant, that the judgment should be opened to allow him to present any meritorious, *bona fide*, or substantial defense which may be shown to exist."

In *Denton Nat. Bank v. Lynch*, 155 Md. 333, 339, 142 A. 103, 105, the question of delay in moving to strike out a judgment by confession was discussed, and, speaking through Judge Pattison on that subject, we said: "A motion to strike out a judgment, though made after the term in which the judgment was entered, is not denied in these cases when it is shown that the defendant has a meritorious, *bona fide*, and substantial defense, and has acted with ordinary diligence and has not acquiesced in the judgment, or unreasonably or unnecessarily delayed the filing of the motion to strike out, especially where it is shown that the plaintiff has not suffered by the delay. 'What length of delay is fatal, or what laches will be deemed sufficient to justify the denial of the motion to strike out, depends a great deal upon the facts and circumstances of each case.' 2 *Poe, Pl. & Pr.*, sec. 392. * * * In these cases, the court acts in the exercise of its *quasi* equitable powers and will take into consideration all of the facts and circumstances of the case, and will strike out the judgment where strong equitable circumstances exist and the delay is satisfactorily accounted for."

28

In this case there was an unusually long interval between the entry of the judgment by confession and the application to have it opened for the adjudication of the pre-existing dispute between the parties. But meanwhile there was no change in the situation of the parties in regard to their purpose or ability to maintain their respective contentions. There is no satisfactory proof of any prejudice to the plaintiff from the delay, upon which it relies in opposition to the defendant's motion. Under the special circumstances of this case, we think the lower court properly exercised its equitable jurisdiction by granting, rather than by refusing, an opportunity for a trial of the continuing and legitimate dispute as to the claim which the judgment represents. There is no injustice to the plaintiff in permitting that issue to be regularly tried and determined in a court of law, but it would, in our opinion, be clearly unjust to the defendant to foreclose the issue without a trial, by allowing the judgment by confession to remain in full force and effect.

*Order affirmed, with costs.*