## PLITT *v.* McMILLAN

[No. 364, September Term, 1963.]

*Decided June 26, 1964.*

The cause was argued before HENDERSON, HAMMOND, HORNEY and MARBURY, JJ., and ANDERSON, J., Associate Judge of the Sixth Judicial Circuit, specially assigned.

*Michael I. Gordon,* with whom were *Smullian & Gordon* on the brief, for the appellant.

No brief and no appearance for the appellee.

MARBURY, J., delivered the opinion of the Court.

On September 8, 1960, the appellee, Elizabeth S. McMillan, executed a contract of sale with Chester Beach, Inc. Attached thereto and also executed by her at the same time was an "Installment Note" containing standard clauses for acceleration and for the confession of judgment in the event of default by the maker. Shortly thereafter, the contract and note were assigned to the appellant, Clarence M. Plitt. Although notified to make payments to him, the appellee failed to do so, and a confessed judgment was entered against her on March 6, 1962, for the amount of $890, with interest and attorney's fee. Within thirty days, in accordance with Maryland Rule 645 b she filed a sworn motion supported by a statement to have the judgment stricken. The motion was granted, pleadings filed, and after the case was tried before the court sitting without a jury, a judgment was

entered in favor of the appellee for costs. From that judgment Plitt appeals.

The contract was for the purchase of unimproved real property consisting of Lot 5, Block S of the subdivision of Harbor View-2 in Queen Anne's County, in consideration of $900. It acknowledged a down payment of $10 prior to its execution, and both the contract and the note provided that $890 was to be paid at the rate of $15.25 per month including 6% interest. Paragraph numbered 2 of the contract provided that in the event the purchaser failed to make monthly payments the seller "may declare this contract void, and shall retain as liquidated damages for breach of contract all amounts paid prior to the time of such default." The contract contained the signatures of Mrs. McMillan and David M. Nichols for Chester Beach, Inc. No other signatures appeared on the contract, but the name of Joseph Mroczek was typed in as the sales representative.

At the trial Mrs. McMillan acknowledged execution of the contract and note. She then offered testimony as to statements allegedly made to her by Mroczek, but an objection by appellant's counsel was sustained. However, she then volunteered that the salesman's signature was on the contract, and the court, upon hearing this, overruled the prior objection. Mrs. McMillan then testified that she was assured by Mroczek that if she failed to pay as required she would not be held financially responsible but would simply lose the lot. In its memorandum opinion, the court held that paragraph 2, the relevant portion of which is quoted above, and the terms of the note sued upon were repugnant and that based upon Mrs. McMillan's testimony, paragraph 2 did not permit the seller to waive the breach in case of the buyer's default, but that the clause operated to void the contract and entitled the seller to retain only the installment theretofore paid as liquidated damages. The court also held, and we think properly, that the contract and note are to be read together and construed as constituting a single integrated instrument. *Brown v. Fraley,* 222 Md. 480, 489, 161 A. 2d 128; *Ahern v. White,* 39 Md. 409.

Appellant first contends that the trial court was in error in granting the motion to strike the judgment by confession. Es-

sentially he claims the motion did not contain facts sufficient to warrant the relief sought. Rule 645 b provides, in part, that a defendant, upon receipt of a summons, may show cause within thirty days why the judgment by confession should be vacated or opened, and that the court may take "such action * * * as justice may require." A full treatment of the proper practice may be found in *Keiner v. Commerce Trust Co.*, 154 Md. 366, 141 Atl. 121. This case has been quoted and followed even since the adoption of the rule in 1941. See *Cropper v. Graves*, 216 Md. 229, 233-34, 139 A. 2d 721; *Remsburg v. Baker*, 212 Md. 465, 468-69, 129 A. 2d 687; *Bolotin v. Selis*, 212 Md. 239, 242, 129 A. 2d 130. The rule stated in the *Keiner* case to be applied in situations of this nature is that as to defenses going to the merits of the claim upon which the judgment rests, one must make a showing in support of his motion, by oral testimony or affidavit, sufficient to persuade the fair and reserved judgment of an ordinary man that there are adequate grounds for an actual controversy as to the merits of the case. *Stankovich v. Lehman*, 230 Md. 426, 432, 187 A. 2d 309. As we stated there:

> "If a meritorious defense is made out (by affidavits or testimony, *Johnson v. Phillips*, [143 Md. 16, 122 Atl. 7]), the Court should liberally exercise its equitable jurisdiction over judgments entered by confession and, on application of a defendant who prima facie shows such defense, vacate the judgment to permit a trial on the merits. [Citing cases.]"

We think there were sufficient facts stated in the sworn motion to strike, coupled with the statement submitted to the court by appellee's attorney in support of the motion, to warrant the court's action in striking out the confessed judgment. For example, to support an allegation of failure of consideration the appellee stated that the appellant knew that title to the subject property "had not and would not be conveyed." This we think raises at least an inference that there might be an impossibility of performance resulting in failure of consideration which was known to the appellant.

Appellant's second and third contentions may be treated together. He claims that it was largely upon inadmissible evidence

that the trial court found the terms of the contract and the note conflicting and inconsistent. The court admitted evidence over objection of a conversation Mrs. McMillan had with the sales representative, Mroczek, concerning her obligation and liability under the contract. There was some question as to whether the challenged evidence was hearsay, depending upon whether Mroczek was an agent of the seller capable of binding his principal, when his name was typed—not signed—on the contract. *Cf. Shea v. Marton,* 214 Md. 539, 136 A. 2d 247. Mroczek was not called by the appellee to substantiate her claim and the agency aspect was explored no further. In any event we think the testimony violated the well established parol evidence rule and was inadmissible on that account. Appellee admitted having examined the contract before she signed it. There was no contention she did not have the capacity to understand the instrument nor that there was fraud in its inducement, and she is thus bound by her signature. *Rappold v. Rappold,* 224 Md. 131, 166 A. 2d 897; *Rossi v. Douglas,* 203 Md. 190, 100 A. 2d 3.

We think the language of paragraph 2 quoted above makes it clear that the seller had the option of voiding the contract and retaining the monies paid on account as liquidated damages or continuing it in effect should the purchaser default. Generally words are given their ordinary meaning, and the word *may* is clearly permissive and not mandatory in the context in which it was used. The option to enforce the acceleration clause and proceed to have a judgment by confession entered was alternative to, and was not inconsistent with the right to treat the contract as void. We fail to find any ambiguity and thus the meaning of the terms of the contract and note combined should be ascertained from the language employed, *Brown v. Fraley, supra,* and the acceptance of testimony contradicting these terms was prejudicial error.

There are certain aspects of the case implicit in the record before us which, we think, justify remanding the case without affirmance or reversal for further proceedings. Rule 871 a. Plitt testified that as the assignee of the contract and note he chose to exercise the right to consider the contract of sale in force. This being so, it may be that as a prerequisite to his right to a judgment for the balance due, Plitt would be required to

tender a deed to the appellee, and show that she refused to accept the deed and to pay the total balance due. See authorities cited in *Livingston v. Green Prop., Inc.*, 222 Md. 354, 160 A. 2d 594, especially in the dissenting opinion. However in that case failure of the vendee to cooperate made the general rule inapplicable. While Plitt testified that as soon as the money was paid the deed would be given, there was no supporting evidence that it could be done or that a tender was in fact made.

But if we assume, without deciding, that there was no necessity for a tender, we hold that there was not sufficient evidence that Plitt was able to perform. Plitt testified he was advancing money to Nichols and was taking back assignments of contracts of sale and attached installment notes. Nichols had signed the contract with appellee on behalf of Chester Beach, Inc. According to Plitt the ownership of Chester Beach, Inc. was in Nichols who had gone into bankruptcy. Plitt did not know whether Chester Beach, Inc. was solvent. Thus it may have been that it was impossible for the seller to perform even if Mrs. McMillan had paid the balance. We think the facts as shown indicate clearly that Plitt was an assignee with notice, so that any defenses the appellee had against the vendor would be good also against Plitt. Rule 240 a. Where a collateral fact known to the assignee is sufficient to put him on inquiry, knowledge of such fact is knowledge of the ultimate fact, where inquiry would disclose it. *Bank of Bristol v. B. & O. R. Co.*, 99 Md. 661, 676, 59 Atl. 134.

Although we intimate no opinion as to the resolution of these facets of the case, we do say they are entitled to be considered by the court in further proceedings.

> *Case remanded without affirmance or reversal, and for further proceedings consistent with the views expressed in this opinion. Costs to abide the result.*