573 A.2d 423

**ALGER PETROLEUM, INC., et al.**

v.

**Margaret SPEDALERE, Personal Representative of the Estate of Leonard E. Carnes, Jr., et al.**

**No. 1363, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

May 14, 1990.

John H. Zink, III and Mary Dulany James (Venable, Baetjer and Howard, on the brief), Towson, for appellants.

Timothy J. Martin (Beach, Cadigan & Martin, on the brief), Towson, for appellees.

Argued before BISHOP, GARRITY and WENNER, JJ.

BISHOP, Judge.

On February 24, 1989 a Confessed Judgment was entered by the Circuit Court for Baltimore County pursuant to the complaint of Margaret Spedalere, appellee, as the Personal Representative of the estate of Leonard E. Carnes. Alger Petroleum, Inc., Leola C. Brooks and Emmett H. Brooks, appellants, filed an Answer to the appellee's complaint. Appellee filed a Motion to Strike the Answer which prompted appellants to file immediately a Motion to Vacate the Confessed Judgment. After a hearing the Circuit Court for Baltimore County found that the Motion to Vacate was untimely and the Answer was insufficient to open the Confessed Judgment. The following is the chronology of the proceedings:

February 24: Plaintiff files her Complaint for a Confessed Judgment against the Defendants.

March 20: Defendants are served with a "Notice of Entry of Judgment by Confession" and with notice that a response must be filed within 30 days.

April 6: Defendants file a timely Answer to the Complaint asserting defenses of fraud, illegality, and a general denial of liability.

April 18: The thirtieth day after service on the Defendant.

April 27: Plaintiff files a Motion to Strike the Answer as not being in compliance with the form required by Maryland Rule 2-611.

April 28: Defendants file a Motion to Vacate the Confessed Judgment in the form required by Maryland Rule 2-611.

August 28: Hearing on Defendants' Motion to Vacate Confessed Judgment.

This timely appeal followed.

## ISSUE

The sole issue in this case is whether the trial court committed error by refusing to open the Confessed Judgment pursuant to the appellants' Answer and Motion to Vacate.

## FACTS

On November 24, 1987 Alger Petroleum, Inc. executed two promissory notes, each obligating it to pay the sum of $50,000.00 to Leonard E. Carnes, Jr. Pursuant to the first note, payments were to be made in equal semi-annual installments of $5,000.00, on January 1 and July 1 of each year, for a period of five years expiring on January 1, 1993.[1] The second note required payment of the semi-annual $5,000.00 installments on April 1 and October 1 for a five year period expiring on April 1, 1993.[2] Both notes contained the same "Confession of Judgment" clause:

7. *Confession of Judgment.* Upon any default hereunder the Borrower authorizes any attorney admitted to practice before any court of record in the United States to appear on behalf of the Borrower in any such court in one

---

1. According to the terms of the note the final payment would have been on July 1, 1992.

2. The last payment due on this note would have been October 1, 1992.

or more proceedings, or before any clerk thereof and to confess judgment against the Borrower, without prior notice or opportunity for prior hearing, in favor of the holder of this Note in the full amount due on this Note (including principal and interest, and any and all penalties, fees and costs) plus attorney's fees equal to five percent (5%) of the amount due. The Borrower consents to the jurisdiction of and agrees that venue shall be proper in the Circuit Court of [sic] Baltimore City, Maryland. The Borrower waives the benefit of any and every statute, ordinance or rule of court which may be lawfully waived, conferring upon the Borrower any right or privilege of exemption, stay of execution or supplementary proceedings, or other relief from the enforcement or immediate enforcement of a judgment or related proceedings on a judgment. The authority and power to appear for and enter judgment against the Borrower shall not be exhausted by one or more exercises thereof, or by any imperfect exercise thereof, and shall not be extinguished by any judgment entered pursuant thereto. Such authority and power may be exercised on one or more occasions from time to time, in the same or different jurisdiction, as often as the holder shall deem necessary or advisable until all sums due under this Promissory Note have been paid in full.

In addition to these notes, appellants Leola C. Brooks and Emmett H. Brooks, Jr. executed an Unconditional Joint Guaranty Agreement whereby they agreed to be jointly liable for the above notes in the event that appellant Alger Petroleum, Inc. failed to make the agreed payments. This agreement contained a confessed judgment clause similar to those in the Notes except that in place of the 5% attorney's fee this clause provided for 15%.

Because appellants failed to make payments as promised and guaranteed, appellee [3] filed a Complaint, accompanied

---

3. Leonard E. Carnes, Jr. died on December 17, 1987, just fourteen days prior to payment of the first installment. Margaret Spedalere

by the written instruments and affidavits. Judgment by Confession was entered against appellants in the then aggregate amount of $115,367.00. On March 20, 1989 appellants were served with the Complaint and the supporting documents along with a Notice of Entry of Judgment by Confession which notified them that they had thirty (30) days within which to file a written motion to open, modify or vacate the judgment.

On April 6, 1989 appellants filed the following pleading entitled "Answer of Alger Petroleum, Inc., Leola C. Brooks and Emmett H. Brooks, Jr."

Alger Petroleum, Inc., Leola C. Brooks and Emmett H. Brooks, Jr., Defendants, answer the Plaintiff's "Nar" and say:

### I

The "Nar" fails to state a claim upon which relief can be granted.

### II

Defendants generally deny liability under Counts One and Two.

### III

Defendants assert that Margaret Spedalere is not fully authorized to sue in a representative capacity.

### IV

1. Defendants assert the affirmative defense of collateral estoppel.

2. Defendants assert the affirmative defense of fraud.

3. Defendants assert the affirmative defense of illegality.

---

was appointed Personal Representative of the estate of Carnes and trustee of a residuary testamentary trust.

4. Defendants assert the affirmative defense of payment.

Appellants then requested a jury trial. On the same day appellants sent a letter to appellee's counsel which specified the details of the facts supporting the affirmative defenses alleged in the Answer.

Appellee waited for the thirty (30) days to expire and on April 27, 1989 filed a Motion to Strike the Answer for noncompliance with the Rules.[4] On April 28, 1989 appellants responded by filing a Motion to Vacate Confessed Judgment, pursuant to Md.Rule 2–611, to which was attached a copy of the letter of April 6, 1989. Appellants requested a hearing on the motion.

At the hearing, appellants argued that the Answer ought to be treated as a Motion to Vacate, that the court had discretion to consider appellants' motion to vacate filed after the thirty (30) day period expired and that the court may exercise its revisory power to open the Confessed Judgment and order a trial. The court determined that the Answer "certainly doesn't qualitatively rise to the level of a motion to vacate" and denied the motion. The trial court also refused to consider appellants' untimely motion to vacate and the letter attached to it as an exhibit and chose not to exercise its discretion to revise the judgment.

## DISCUSSION

Appellants argue that the trial court erred by refusing to vacate the Confessed Judgment and that the case should be

---

4. There was a time, in the not too remote past, when the attorney for plaintiff, upon receipt of a faulty pleading, would have contacted defendant's counsel, advised him of his error and suggested that the proper response be filed. This was a time when the main objective of attorneys was to have a case tried on the merits, not simply to win because of a technical mistake. Then, it mattered how you played the game, not only whether you won or lost.

"When the One Great Scorer came to write
    against your name –
He marks–not that you won or lost
    –but how you played the game."
"Alumnus Football," Grantland Rice (1880–1954).

remanded for a trial on the merits. In support of this argument they aver that Md.Rule 1–201(a)[5] requires the trial judge to view the Answer under the totality of the circumstances, but, in this case the trial judge did not inquire beyond matters of form. Further, appellants contend that because the facts in this case are evidence of substantial compliance with Md.Rule 2–611, and because the appellee was not prejudiced by the alleged noncompliance, the court should have stricken the judgment and permitted trial on the merits; especially since there was the proffer of a meritorious defense.

Appellee responds that the Rule mandates a thirty (30) day period within which to file a motion to vacate. She asserts that nothing is relevant if filed after that period expires. Next, appellee contends that the Answer is insufficient in form and substance to open or vacate a Confessed Judgment. Finally, appellee posits that prejudice is not a relevant inquiry pursuant to Maryland law.

The pertinent provisions of Md.Rule 2–611 are as follows:

### Rule 2–611. CONFESSED JUDGMENT

(a) **Entry of Judgment.**—Judgment by confession shall be entered by the clerk upon the filing of a complaint, the original or a photocopy of the written instrument authorizing the confession of judgment for a liquidated amount, and an affidavit specifying the amount due and stating the address of the defendant or that the whereabouts of the defendant are unknown to the plaintiff.

\*　　\*　　\*　　\*　　\*　　\*

---

5. **Rule 1–201. RULES OF CONSTRUCTION**
    (a) **General.**—These rules shall be construed to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay. When a rule, by the word "shall" or otherwise, mandates or prohibits conduct, the consequences of noncompliance are those prescribed by these rules or by statute. If no consequences are prescribed, the court may compel compliance with the rule or may determine the consequences of the noncompliance in light of the totality of the circumstances and the purpose of the rule.

(c) **Motion by Defendant.**—*The defendant may move to open, modify, or vacate the judgment within the time prescribed for answering* by sections (a) and (b) of Rule 2–321. *The motion shall state the legal and factual basis for the defense to the claim.*

(d) **Disposition of Motion.**—*If the court finds that there is a substantial and sufficient basis for an actual controversy as to the merits of the action, the court shall order the judgment by confession opened, modified, or vacated* and permit the defendant to file a responsive pleading.

(Emphasis supplied.)

The history of confessed judgments is easily tracked in the cases of the Court of Appeals. In *Tyrrell v. Hilton*, 92 Md. 176, 186–87, 48 A. 55 (1901) the Court stated:

under the provisions of sec. 6, Art. 26 of the Code,[6] ...: "The clerk of any Court in this State may, during the recess of said Court, enter a judgment by confession, with the assent of the parties or attorneys, in writing, which shall be filed with the titling, *narr.*, cause of action, and other papers, in the case in which said judgment was entered; and a judgment so entered shall, from the date of the entry of the same by the clerk, have the same effect as if entered during the session of the Court." This is a very plain and simple act, the outgrowth and development of the constant tendency of law, to simplify procedure, both in pleading and practice. The ancient common law required the parties to be present and prosecute, or defend, in person. Special authority from the Crown was originally necessary to enable parties to appear by attorney, though subsequent statutes recognized a *right* so to appear; but this right was a mere privilege, for the convenience of the suitors, and did not exclude the right to sue or defend in person. At common law, attorneys were either orally appointed in Court, or by warrant out of Court, and the practice

---

6. The Act of 1890, ch. 411.

required the warrant to be filed in Court, but in this State the practice has never required a warrant of attorney to authorize the appearance of a defendant by attorney.

The Court continued:

Sec. 6, of Art. 26 of the Code of 1888, provided that any Judge, in the recess of his Court, may order his clerk to enter a judgment by confession, with the assent of the parties, or their attorneys in writing, which shall be filed with the order of the Judge. The Act of 1890, ch. 411, repealed this section and re-enacted it as it appears in *Poe's Supplement* as hereinbefore set forth. Under this Act, the order, as well as the presence of the Judge is dispensed with, and full authority is given the clerk to enter judgment upon compliance by the parties with the requirements of the Act.

*Tyrrell, supra* at 187, 48 A. 55. It is the absence of trial procedure which has prompted the Court of Appeals to recognize the disfavored status of confessed judgments by holding that such judgments are "freely stricken out on motion to let in defenses." *Phillips v. Taylor*, 148 Md. 157, 163, 129 A. 18 (1925); *see also Billingsley v. Lincoln National Bank*, 271 Md. 683, 689, 320 A.2d 34 (1974); *Katski v. Boehm*, 249 Md. 568, 583, 241 A.2d 129 (1968); *Plitt v. McMillan*, 235 Md. 349, 353, 201 A.2d 787 (1964); *Cropper v. Graves*, 216 Md. 229, 234, 139 A.2d 721 (1958) (All recognizing that it is necessary in order to do justice that courts should liberally exercise their jurisdiction over confessed judgments and, upon application showing *prima facie* defenses, vacate the judgment to permit trial on the merits).

In addition the Court has held that:

Such statutes ... being in derogation of the common law practice, must be strictly construed, but not with such strictness as to make them inoperative, or to defeat the manifest intention of the parties to the instrument authorizing the confession. This rule, like all others, has its reasonable limitations....

*Tyrrell v. Hilton, supra,* 92 Md. at 188, 48 A. 55. Such statutes remained in effect until the General Rules of Practice and Procedure were adopted:

The General Rules of Practice and Procedure were adopted by this Court, effective September 1st, 1941, and a rule applicable to judgments by confession was then adopted. [G.R.P.P. Pt. Three, II, Rule 1a–h] ... No change has been made in ... that rule since that time and is contained [first in Rule 735 and then] in Rule 645, of the Maryland Rules of Procedure, effective January 1, 1957.

*Remsburg v. Baker,* 212 Md. 465, 468, 129 A.2d 687 (1957). These General Rules of Practice and Procedure first prescribed a thirty (30) day period within which the judgment debtor needed to make a showing of meritorious defenses necessitating opening, vacating or modifying the judgment. Commenting on this new development the Court held:

This rule requiring a defendant to be summoned and show cause within thirty days from service upon him of a *nisi* order why the judgment should be vacated, opened, or modified, did not change the existing practice in such cases. It provided a means to inform the judgment debtor of the judgment, and afforded him an opportunity to move that it be vacated, opened, or modified. He should file a motion under oath, setting out fully all the facts and circumstances tending to show that the judgment should be stricken out, with a prayer that the judgment be reopened and that he be permitted to file pleas and try the case before a jury. Upon proper proof, the court will so order.

*Foland v. Hoffman,* 186 Md. 423, 431, 47 A.2d 62 (1946). *See also Remsburg v. Baker, supra* 212 Md. at 468, 129 A.2d 687. This articulated purpose has remained constant and is embodied within Rule 2–611, *infra.*

The attributes of a confessed judgment were best described by the Court in *Keiner v. Commerce Trust Co.,* 154 Md. 366, 370, 141 A. 121 (1927):

A judgment by confession possesses all the incidents, is supported by the same presumptions, and is entitled to the same faith and credit, as any other judgment *(Freeman on Judgments,* par. 1337), and that is so whether the confession is by the defendant in person or by another with his consent. *Ibid.* But while that is true, the widespread and general practice of embodying, in promissory notes, warrants of attorney authorizing a confession of judgment for the amount thereof, together with counsel fees, lends itself too readily to fraud and abuse, and in this state at least such judgments "are freely stricken out on motion to let in defenses." *Phillips v. Taylor,* 148 Md. [157] 162 [129 A. 18 (1925)]. And although such a motion "must be supported by satisfactory proof of conditions which make such action necessary to serve the ends of justice" *(Wisner v. Reeside,* 139 Md. [221] 223 [114 A. 911 (1921)]), the court in dealing with it "should be very careful to see that no improper advantage has been taken of the maker of such note in entering judgment." *International Harvester Co. v. Neuhauser,* 128 Md. [173] 181 [97 A. 372 (1916)].

It is against this background that we analyze appellants' response to the entry of the Confessed Judgment in the case *sub judice.* Appellants filed a pleading in the form of an Answer within thirty (30) days of their receipt of Notice of Entry of Judgment by Confession. After the thirty (30) day period expired, appellants filed a Motion to Vacate the Judgment by Confession accompanied by a copy of a letter that they mailed to appellee's counsel within the thirty (30) day period. At the hearing the trial court refused to consider the latter motion since it was not filed within the thirty (30) days.

Appellants argue in their Reply Brief that *Goldstein v. Peninsula Bank,* 41 Md.App. 224, 396 A.2d 542 (1979) supports the conclusion that their untimely motion to vacate should have been considered as an amendment to their timely but deficient Answer. In that case, Goldstein properly filed a motion to strike out a confessed judgment

entered against him within the thirty (30) day period of former Rule 645. The Bank responded with a motion *ne recipiatur* alleging Goldstein's motion failed to set forth fully the facts supporting his defense and failed to cite the points and authorities. The trial court granted the Bank's motion and refused to vacate the confessed judgment. We reversed, noting that Goldstein had alleged facts in his motion but that certain facts solely within the knowledge of the Bank were omitted. The record revealed that Goldstein's attempts at discovery were delayed by the Bank, which obtained two extensions of the time to answer Goldstein's interrogatories, until after the hearing. We noted the inequity of, on the one hand, requiring Goldstein to plead facts not within his knowledge, and on the other hand, denying him discovery of those facts. We held that:

> ... [T]his ruling was error in the light of the decisions of the Court of Appeals which have stated that the movant's burden in attempting to strike a confessed judgment is intended to be a minimal one, and that the equitable discretion of the court regarding such an attempt should be exercised liberally in favor of the debtor....
>
> The court's refusal to permit the filing of an amended motion to strike the confessed judgment was also in direct contravention of the oft repeated statement by the Court of Appeals that leave to amend should be freely granted in order to promote justice.
>
> Rule 320 [7] of the Maryland Rules of Procedure provides for great liberality in the allowance of amendments in order to prevent the substantial injustice of a cause from being defeated by formal slips or slight variances.

*Id.* at 230, 396 A.2d 542. (Citations omitted). In addition, we held that it was an abuse of discretion not to permit Goldstein an opportunity for discovery. *Id.* We permitted Goldstein to complete discovery and then amend his motion to supplement the facts. *Id.* at 232, 396 A.2d 542.

---

7. Now incorporated in Rule 2–341.

78

■ *Goldstein v. Peninsula Bank, supra,* provides a compelling argument, but it does not persuade us that appellants' untimely motion should be treated as an amendment to their Answer. The factual situation in *Goldstein* created a "catch–22" where Goldstein could not allege facts without discovery, and he was denied discovery. Goldstein was denied the opportunity to vacate a confessed judgment by a "formal slip or slight variance" from the Rules. Such is clearly not the case *sub judice.* Appellants' non-compliance was not a slight variance, rather it evidenced a failure to consult the Rules altogether. Therefore, we hold the trial court was correct to consider only those documents filed within the Rule period. The Rules are "precise rubrics" having the force of law. *Hauver v. Dorsey,* 228 Md. 499, 502, 180 A.2d 475 (1962); *Williams v. State,* 22 Md. App. 714, 717, 325 A.2d 427 (1974).

*Meyer v. Gyro Transp. Systems,* 263 Md. 518, 283 A.2d 608 (1971), provides further support for the trial court's decision not to consider appellants' untimely motion to vacate. In *Meyer,* the confessed judgment was entered against Meyer pursuant to a note. Upon receipt of notice that judgment had been entered against him, Meyer met with representatives of Gyro and an agreement was reached whereby the thirty (30) day rule period was extended to forty (40) days. Meyer failed to comply with the agreement and filed a plea forty-three (43) days after service. The Court held that Rule 645 was:

> obviously "reasonably calculated" to give notice, and as we have observed, caused the summons in the present case to reach the defendant, Meyer, and afford him *actual notice* of the judgment by confession and afford him sufficient time—30 days—to present his defenses or objections to its entry. The failure to present these defenses or objections within the reasonable time limit established by Rule 645 c was the fault of Mr. Meyer....

*Id.* at 535, 283 A.2d 608. (Citations omitted.) (Emphasis in original.) The Court, therefore, held that Meyer's failure to

file a timely [8] motion to vacate precluded him from vacating, opening or modifying the judgment absent a showing of fraud, mistake or irregularity.

■ In the case *sub judice* the trial court correctly treated the Answer as a motion under Rule 2–611. The court found that:

> The answer certainly is not in either form, but more importantly in substance, the answer filed on April the 6th certainly doesn't qualitatively rise to the level of a motion to vacate as required under the Rule, 2–611(c). It just isn't. It is not a motion to vacate, either in title, which is not that important to me, but in substance. It just doesn't include the things that are necessary to show the factual dispute.

It is clear that the Answer alone does not allege sufficient facts to warrant opening, vacating or modifying the Confessed Judgment pursuant to Rule 2–611. *Murray v. Steinmann*, 29 Md.App. 551, 349 A.2d 447 (1975). In *Murray* the appellant filed a motion to vacate confessed judgment, within the thirty (30) day period, assigning as his reasons that he had entered into the contract "based on certain false and misleading statements and representations ..." made by appellee and that appellant incurred substantial damages "as a direct result of [appellee's] false, fraudulent and misleading statements...." *Id.* at 553, 349 A.2d 447. We noted that the motion, "which set forth no facts, was obviously deficient under the rule." *Id.* at n. 1, 349 A.2d 447. Therefore, we held:

> Appellant's primary legal (as opposed to factual) contention is that the trial judge erroneously required him to prove fraudulent misrepresentations in order to prevail in vacating the confessed judgment. He argues that his burden was merely to show that he had a meritorious defense. Md.Rule 645 c; *Williams v. Johnson*, 261 Md. 463 [276 A.2d 95 (1971) ].... Indeed the rule he cites to

---

**8.** Meyer's motion was neither in compliance with Rule 645c nor the extension to which the parties agreed.

support his meritorious defense argument, Md.Rule 645 c, states that the motion

" ... shall set forth fully *the facts* relied on for such defense." (Emphasis added).

Appellant's bald allegations of fraud and false representation clearly failed to comply as a matter of pleading. *Id.* 29 Md.App. at 558, 349 A.2d 447.

■ Appellants contend that Rule 1–201(a)[9] requires application of the "totality of the circumstances" test in deciding whether they complied with Rule 2–611. Therefore, appellants argue that the trial judge should have determined the consequences of a defective form under the attendant totality of circumstances and the purpose of the Rule pertaining to confessed judgments. We agree. In *Finance Company v. Myerly,* 161 Md. 23, 27, 155 A. 148 (1931) the Court addressed the question of delay in moving for a motion to strike a confessed judgment and noted that "[i]n these cases, the court acts in the exercise of its *quasi* equitable powers and *will take into consideration all of the facts and circumstances of the case....*" (Emphasis supplied.) In *Finance Company* the motion to strike was filed over three (3) years after the judgment was entered. The Court ordered the judgment opened anyway because Myerly had a meritorious defense; Finance Company knew upon entry of judgment that Myerly wholly disputed it; and Finance Company was not prejudiced by the delay.

Included in the "total circumstances" in the case before us is a letter that was mailed to appellee's counsel within the thirty (30) day period. The letter, dated April 5, 1989, a copy of which was filed with the Motion to Vacate, refers to the Confessed Judgment and contains a detailed factual account in support of the general defenses contained in the Answer. This letter as Exhibit A of the Motion to Vacate was filed with the trial court eight (8) days after the Rule period expired. In addition, the letter was brought to the

---

9. See footnote 5, *supra,* at p. 72.

attention of the trial court at the motions hearing but the trial judge concluded that testimony and additional information were not appropriate at that time. The sole issue addressed by the judge was the procedure employed by appellants and not whether there were any meritorious defenses. This contrasts sharply with the purpose of the Rule as articulated *infra*. Ordinarily, the elements of defenses are presented in affidavits or through oral testimony subsequent to the filing of the Motion to Vacate. *Plitt v. McMillan, supra,* 235 Md. at 353, 201 A.2d 787; *Katski v. Boehm, supra,* 249 Md. at 583, 241 A.2d 129. Appellants were denied the opportunity to present evidence of their defenses. The trial court refused to take notice of the letter that articulated the factual basis for a contest to the Confessed Judgment and was circulated prior to expiration of the Rule period. In *Katski* the Court emphasized:

> We have held that the court's discretion shall be liberally exercised. *Leahy, Executrix v. McManus,* 237 Md. 450, 454, 206 A.2d 688 (1965); *Remsburg v. Baker,* 212 Md. 465, 129 A.2d 687 (1957) and cases cited therein. In the usual case, the elements of defense are made out in affidavits and if these amount to a prima facie defense or disclose an apparent conflict in evidence as to the merits of the case, the court should liberally exercise its equitable jurisdiction, vacate the judgment, and permit a trial on the merits. *Plitt v. McMillan,* 235 Md. 349, 353, 201 A.2d 787 (1964); *Stankovich v. Lehman,* 230 Md. 426, 432, 187 A.2d 309 (1963); *Johnson v. Phillips,* 143 Md. 16, 122 A. 7 (1923).

*Katski, supra,* 249 Md. at 583–584, 241 A.2d 129. We hold that the trial court abused its discretion by failing to review the total circumstances surrounding appellants Answer.

The letter contained facts which disputed the allegations contained in appellee's complaint. Md. Rule 2–611(d) requires appellants to demonstrate that "... a substantial and sufficient basis for an actual controversy as to the

merits of the action" exists. This standard has been described by the Court as follows:

In such cases, if the evidence adduced in support of the motion is sufficient to persuade the fair and reasoned judgment of an ordinary man that there are substantial and sufficient grounds for an actual controversy as to the merits of the case, the defendant should be deemed to have met the burden of showing that he has a meritorious defense. In other words, if the evidence is such that persons of ordinary judgment and prudence could honestly and fairly draw different inferences from it, one favoring the plaintiff and the other the defendant, the court should not itself decide that conflict, but should submit it to a jury. And while the rule thus stated is not universally approved, it seems to be supported by the weight of authority, is consistent with justice and equity, and is in harmony with the decisions of this court. 'Courts of law exercise an equitable jurisdiction over judgments entered by confession upon notes and warrants of attorney, and it is necessary to justice that they should liberally exercise that jurisdiction, and may therefore, on application of the defendant, vacate them and permit him to make a defense on the merits, provided the proper showing of a meritorious defense is made.'

*Keiner v. Commerce Trust Co., supra,* 154 Md. at 371, 141 A. 121. *See also Billingsley v. Lincoln National Bank,* 271 Md. 683, 689–90, 320 A.2d 34 (1974) (Maryland debtors are given every opportunity after judgment to present any defenses which they may have and, in doing so, are merely required to meet a standard that is a minimal obstacle at best.); *Williams v. Johnson,* 261 Md. 463, 466–467, 276 A.2d 95 (1971) (Evidence adduced was sufficient to persuade the fair and reasoned judgment of an ordinary person that there was substantial and sufficient grounds for an actual controversy on merits of case.); *Katski v. Boehm, supra,* 249 Md. at 576–77, 241 A.2d 129 (Persons of ordinary judgment and prudence could not fairly draw different inferences from evidence.); *Plitt v. McMillan,* 235 Md. 349,

353, 201 A.2d 787 (1964); *Cropper v. Graves,* 216 Md. 229, 139 A.2d 721 (1958); *Remsburg v. Baker,* 212 Md. 465, 129 A.2d 687 (1957); *Goldstein v. Peninsula Bank, supra,* 41 Md.App. at 230, 396 A.2d 542 (1979) (The movant's burden in attempting to strike a confessed judgment is intended to be a minimal one, and the discretion of the court should be exercised liberally in favor of the debtor.); *Murray v. Steinmann,* 29 Md.App. 551, 559, 349 A.2d 447 (1975).

Had the trial court liberally exercised its discretion in favor of the debtor, it would have found that the minimal burden of adducing facts was satisfied by the letter. The letter sent from appellants' counsel to appellee's counsel provided the following assertions:

> Mr. Carnes promised that he would work with Alger Electric for several years following the purchase of his business. I believe you were present when he said he would assist Alger's employees in estimating jobs, learning the plumbing business, meeting the necessary permit authorities and doing all those things which would facilitate the combination of his business with Alger. Mr. Carnes and Ms. Spedalere spoke and acted as if Mr. Carnes was fully able to comply with his representations. They failed to disclose his declining health. This was a material misrepresentation.

> Ms. Spedalere, on several occasions, lied to Emmett Brooks and others about Mr. Carnes' activities, health and whereabouts. The information which I have gathered in preparation for the defense of this suit leads me to believe that a proper cause of action exists against Margaret Spedalere and that the Orphan's Court should remove her as the personal representative of the estate of Mr. Carnes.

These facts support appellants' general denial of liability, call into question appellee's ability to prosecute this action and substantiate the affirmative defense of fraud. In addition to Rule 1–201(a), *supra,* we find that Rule 2–303, Form of Pleadings, also provides guidance in the disposition of this case. Subsection (e) provides:

**Construction of Pleadings.**—All pleadings shall be so construed as to do substantial justice.

The case should have been tried on the merits of the above issues.[10]

We hold that the trial court's failure to open the judgment on these issues constituted an abuse of discretion. As we noted *infra*, Rule 2–611 and its predecessors were adopted as a method to protect the debtor. The common thread that runs throughout Maryland confessed judgment cases is the principle that although motions to vacate must be supported by satisfactory proof of defenses that make vacating the judgment necessary, the trial courts should be very careful to see that no improper advantage has been taken of the maker of the note in entering judgment. *Keiner, supra,* 154 Md. at 370, 141 A. 121. Therefore, the Rule is intended to be implemented as a shield for the debtor and not exploited as a sword by the judgment creditor. Where as here, appellee knew of appellants' intention to contest the entry of judgment and bases therefor, she cannot benefit by waiting in ambush until thirty (30) days has expired and then move for entry of judgment based on a belief that appellants' motion was fatally defective. In addition, we note that appellee was not prejudiced in any way by the appellants' failure to file the information contained in the letter with the court within the Rule period. We hold that appellants' Answer, combined with the letter dated April 5, present a "substantial and sufficient basis for an actual controversy." *See* Md. Rule 2–611(d). The judgment shall be opened for a trial on the merits as to those defenses supported by the facts and inferences raised within the Answer and supporting letter.

---

**10.** Although it could be argued that the letter was not filed within the Rule period and, therefore, should not be considered, we disagree. The letter was circulated prior to expiration of the Rule period and is one circumstance of the total circumstances to be considered. We also believe the timely motion may be supplemented by later providing additional facts without violating the purpose of the Rule.

JUDGMENT REVERSED. APPELLANTS TO PAY ONE–HALF OF COSTS; APPELLEES TO PAY ONE–HALF OF COSTS.